211 So.2d 285

**STATE of Louisiana**

v.

**Alvan L. DUGAS.**

No. 48987.

June 4, 1968.

Rehearing Denied June 28, 1968.

———————◆———————

Sam J. D'Amico, Gordon M. White, Baton Rouge, for defendant-appellant.

Jack P. F. Gremillion, Atty. Gen., William P. Schuler, Asst. Atty. Gen., Sargent Pitcher, Jr., Dist. Atty., Ralph L. Roy, Asst. Dist. Atty., for plaintiff-appellee.

SANDERS, Justice.

As a result of a fatal automobile collision, the Grand Jury of East Baton Rouge Parish indicted Alvan L. Dugas for the negligent homicide of Joe Gail McSwain. After the jury returned a verdict of guilty, the trial judge sentenced the defendant to one year in the parish jail. He has appealed, relying upon eight bills of exceptions reserved at the trial.

### Bill of Exceptions No. 1

The defendant reserved Bill of Exceptions No. 1 to the following portion of the District Attorney's opening statement:

"Under the law applicable to this statute, [referring to R.S. 14:98 defining the crime of operation of a vehicle while under the influence of intoxicating beverages] it is not necessary that the State prove to you that the defendant was drunk in order to sustain a conviction of operating a vehicle while under the influence of intoxicating beverages, it is sufficient only that the State prove that he was under the influence of these intoxicating liquors. Under the leading case in the State of Louisiana vs. Hightower [238 La. 876, 116 So.2d 699], the Supreme Court of Louisiana stated * * *"

The defendant asserts these words constitute argument, and the District Attorney improperly injected them into his opening statement to the jury.

██ The District Attorney's opening statement is mandatory. The function of the statement is to explain the nature of the charge and the evidence by which the District Attorney expects to prove the charge. Former LSA–R.S. 15:333.[1]

██ The trial judge is vested with wide discretion in controlling the scope of the opening statement. His ruling will not be disturbed in the absence of a clear showing of abuse of that discretion. State v. Clark, 231 La. 807, 93 So.2d 13; State v. Poe, 214 La. 606, 38 So.2d 359; State v. Barton, 207 La. 820, 22 So.2d 183.

██ In response to a motion for a Bill of Particulars, the State informed the defendant it intended to rely upon four statutory violations to prove negligent homicide: (1)

1. This case came to trial on March 22, 1965, prior to the enactment of the Code of Criminal Procedure of 1966. Hence, all citations are to the antecedent provisions.

driving at an excessive speed in violation of LSA–R.S. 32:64; (2) running a stop sign in violation of LSA–R.S. 32:123; (3) driving while under the influence of alcoholic beverages in violation of LSA–R.S. 14:98; and (4) reckless operation of a motor vehicle in violation of LSA–R.S. 14:99. Since driving while under the influence of intoxicating beverages was one of the unlawful acts relied on, the District Attorney properly referred to the pertinent statute in his opening statement. Although couched in argumentative language, the disputed statement relates to the nature of the evidence to be presented.

We find no error in the ruling of the trial judge.

### Bill of Exceptions No. 2

▮ Before introduction of evidence by the State, the defendant requested the jury be taken to view the scene of the automobile accident. The State objected to this request. The court sustained the objection, but stated that the jury would be taken to the scene before the defense offered its evidence. During the taking of the State's evidence, the jury did visit the scene and heard testimony there. We find no error in this ruling.

### Bill of Exceptions No. 3

▮ Over defendant's objection, State Trooper Leland R. Denison, one of the investigating officers, was permitted to testify to certain admissions made to him by the defendant during an interview at the hospital after the automobile collision.

The defense objection to the testimony is three-fold: (1) the District Attorney made no reference to the admissions in his opening statement; (2) since defendant was injured and in pain, the foundation was insufficient to show the admissions were voluntary; and (3) the officer failed to advise defendant of his right to counsel.

We find, as did the trial judge, that the opening statement does refer to defendant's explanation of how the accident occurred and to defendant's admissions.

After hearing evidence, the trial judge found that, though the defendant was experiencing some pain from his injury at the time of the interview, he was rational and answered all questions intelligently. He concluded the statements were entirely voluntary and the State had borne its burden of proof. We approve this finding.

The final objection to the admissions is that defendant was not advised of his right to counsel. Defendant relies upon Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 and Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977.

▮ The present case came to trial in March, 1965. The Supreme Court of the United States handed down its decision in

Miranda v. State of Arizona on June 13, 1966. Since the decision is prospective only, it is inapplicable to the present case. See Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 and State v. Johnson, 249 La. 950, 192 So.2d 135, cert. denied 388 U.S. 923, 87 S.Ct. 2144, 18 L. Ed.2d 1374. The earlier decision in Escobedo v. State of Illinois is available to the defendant.

As pointed out in Johnson v. State of New Jersey, supra, the precise holding of *Escobedo* is that statements obtained by police during interrogation may not be used against the defendant at a criminal trial:

> "[Where] the investigation is no longer a general inquiry into an unsolved crime but has begun to focus on a particular suspect, the suspect has been taken into police custody, the police carry out a process of interrogations that lends itself to eliciting incriminating statements, the suspect has requested and been denied an opportunity to consult with his lawyer, and the police have not effectively warned him of his absolute constitutional right to remain silent * * *"

See also State v. Johnson, supra, and State v. Bourg, 248 La. 844, 182 So.2d 510, cert. denied 385 U.S. 866, 87 S.Ct. 127, 17 L.Ed.2d 93.

■ The record reflects the defendant was not in custody at the time of the interview. Although an attorney friend of his was in the hospital room at one point, the defendant made no request for counsel. When the attorney asked the officers to discontinue the interview, they did so at once. These circumstances render the Escobedo decision inapplicable.

We conclude, as did the trial judge, that the officers violated no constitutional rights.

### *Bills of Exceptions 4 and 6*

Defendant reserved these bills to the admission at the trial of testimony that defendant refused a blood test for intoxication, known as an intoximeter test.

■ The compulsory extraction of a blood sample for an intoxication test infringes no constitutional rights. The Fifth Amendment privilege against self-incrimination applies only to "evidence of a testimonial or communicative nature." Schmerber v. State of California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908. See also Breithaupt v. Abram, 352 La. 432, 77 S.Ct. 408, 1 L.Ed.2d 448. In the present case, however, after the defendant declined, the officers administered no test. Hence, the precise question presented is whether testimony of defendant's refusal to take the intoxication test was admissible at the trial. The question is *res nova* in Louisiana.

Defendant contends the admission of such evidence violates his rights against

self-incrimination under the Fifth and Fourteenth Amendments of the United States Constitution.

Defendant was charged with negligent homicide. Whether he was under the influence of intoxicating beverages at the time of the automobile accident was a factual issue at the trial. Hence, the testimony was relevant.

 Contrary to the contention of the defendant, we perceive no constitutional bar to the admission of such evidence. The Fifth Amendment is silent as to "compulsion which makes a suspect or accused the source of 'real or physical evidence.'" Schmerber v. State of California, supra. Since such bodily evidence violates no privilege against self-incrimination, neither does testimony of a refusal to give bodily evidence violate that privilege. Although there is authority to the contrary, the better reasoned decisions in other states support this principle and uphold the admissibility of testimony that defendant refused an intoximeter test. It is for the jury, of course, to determine the weight to be accorded this testimony. See State v. Bock, 80 Idaho 296, 328 P.2d 1065; People v. McGinnis, 123 Cal.App.2d Supp. 945, 267 P.2d 458; State v. Holt, Iowa, 156 N.W.2d 884; State v. Benson, 230 Iowa 1168, 300 N.W. 275; State v. Nutt, 78 Ohio App. 336, 65 N.E.2d 675; State v. Gatton, 60 Ohio App. 192, 20 N.E.2d 265; State v. Smith,

230 S.C. 164, 94 S.E.2d 886; and Gardner v. Commonwealth, 195 Va. 945, 81 S.E.2d 614.

Moreover, the defendant elected to testify at the trial and testified he refused the test because he thought it was unnecessary. The defendant's own testimony forecloses any complaint he might have concerning the State's evidence of his refusal to take the test. See former LSA–R.S. 15:557; State v. Kaufman, 211 La. 517, 30 So.2d 337; and Barnhart v. State, Okl.Cr., 302 P.2d 793.

We conclude the Bills of Exceptions are without merit.

### Bill of Exceptions No. 5

Defendant reserved this bill to the overruling of his objection to the following question addressed to Dr. Moss M. Bannerman, a defense witness on cross-examination:

"Q. Suppose that a person, as I was stating to you in a hypothetical question, came under that particular provision there, that is that he was under the influence of intoxicating beverages of liquor as stated by that statute, would not an automobile wreck wherein this automobile struck with great force a bus so that it was turned completely around, would this not tend to have a sobering effect on such per-

son under the influence or the person driving that automobile?"

The witness answered that an accident would tend to have a sobering effect.

Defendant contends the hypothetical question called for a legal conclusion, rather than a medical opinion, and failed to set forth all pertinent facts.

The subject matter, as we view it, fell within the special competence of a medical expert. The question sought to determine the effect of a shocking experience upon intoxication. It properly called for a medical opinion from a physician on cross-examination.

█ Although the question may be inartistically phrased, it contains sufficient facts to afford an adequate basis for a medical opinion. Preceding this question were other background questions on the same subject. The trial judge, by consent of counsel, had read to the witness an extract from a court decision explaining the meaning of "under the influence of intoxicating beverages." These and other circumstances, outlined in the trial judge's *Per Curiam*, convince us the witness fully understood the question.

The Bill of Exceptions lacks merit.

*Bill of Exceptions No. 7*

█ Defendant reserved this Bill to the sustaining of the State's objection to

the following defense question to Dr. Bannerman:

"Q. Doctor, if the blood test which Mr. Krousel has mentioned had been taken from Mr. Dugas, would it have been finally determinative of whether or not this gentlemen was sober or under the influence?"

Thereafter, as the trial judge recites in his *Per Curiam*, the defense offered evidence of the physician's experience with this type of test. The trial judge then permitted him to give his opinion as to what such a test would have shown. Since the defendant ultimately received the benefit of this testimony, he has no cause for complaint.

*Bill of Exceptions No. 8*

Defendant reserved this Bill of Exceptions to the refusal of the trial judge to give six of the special charges submitted by defendant.

█ We have examined the special charges and find that the trial judge correctly refused to give them. In order to accurately state the law, each of them required modification. See former LSA–R.S. 15:390. The trial judge recites in his *Per Curiam* that the correct portion of charge No. 8, relating to the definition of criminal negligence, had already been given.

For the reasons assigned the conviction and sentence are affirmed.