*249 So.2d 189*

**CITY OF BATON ROUGE**

**v.**

**Rudy VAN VALKENBURG.**

**No. 51288.**

June 7, 1971.

Joseph F. Keogh, Parish Atty., Ernest R. Eldred, City Prosecutor, for plaintiff-appellant.

J. J. McKernan, Brown, McKernan, Monsour & Screen, Baton Rouge, for defendant-appellee.

SANDERS, Justice.

The City of Baton Rouge charged Rudy Van Valkenburg with refusing a chemical breath test for intoxication in violation of Section 233, Title 11 of the Baton Rouge City Code, applicable to automobile drivers. The defendant filed a motion to quash the affidavit, alleging that the ordinance on which the charge was based was unconstitutional. On March 4, 1971, the court held a hearing on the motion. The defendant and the city attorney filed a joint stipulation of facts. Other evidence was also introduced. The city attorney offered the "1968 Alcohol and Highway Safety Report." The defense objected to its introduction, and the trial judge sustained the objection. The city attorney reserved a Bill of Exceptions No. 1 to the ruling.

Upon completion of the hearing, the trial judge declared the ordinance unconstitutional and sustained the motion to quash, the minute entry reading as follows:

"The accused through his counsel filed a motion to quash. A stipulation of facts jointly agreed by counsel for defendant and counsel for the city was filed. Evidence was introduced by counsel for the city. Counsel for the city sought to introduce a copy of the 1968 Alcohol and Highway Safety Report, to which introduction counsel for defendant objected. The Court sustained the objection to which ruling counsel for the city reserved a bill of exceptions. After hearing the evidence the Court sustained the motion to quash declaring Title 11, Section 233 of The Baton Rouge City Code unconstitutional. Counsel for city made a motion to appeal the decision of the court."

The City reserved no bill of exceptions at the time of the ruling. On March 30, 1971, however, the City Attorney presented to the trial judge a document labelled "Bill of Exceptions No. 2," complaining of the ruling declaring the ordinance unconstitutional, but incorporating no part of the transcript, containing the fact stipulation, evidence, and the oral reasons, or grounds, for the ruling. The trial judge filed no *Per Curiam* to either of the bills of exceptions.

In this Court, the defendant asserts that no reviewable question is before this Court on appeal, because the City failed to reserve a bill of exceptions to the trial judge's ruling on the motion to quash.

The City Attorney, on the other hand, contends that the ruling can be reviewed without a bill of exceptions, the sole restriction being that this Court cannot review the evidence.

■■■ The City did reserve a bill of exceptions to the exclusion of the "1968 Alcohol and Highway Safety Report" from the evidence. Our examination of this bill, Bill of Exceptions No. 1, discloses that the rejected report is not incorporated in the Bill of Exceptions. Hence, the Bill provides no basis for a review of the admissibility of the report. Evidence can be brought before this Court for consideration in a criminal case only by incorporating it in a bill of exceptions. LSA–C.Cr.P. Art. 844; State v. Moye, 250 La. 117, 194 So.2d 717; State v. George, 247 La. 333, 170 So. 2d 861; State v. Stewart, 188 La. 546, 177 So. 662.

More difficult is the question of whether this Court can review the trial judge's ruling quashing the affidavit on the ground of the unconstitutionality of the ordinance.

Article 841 of the Louisiana Code of Criminal Procedure provides in part:

"An irregularity or error in the proceedings cannot be availed of after verdict unless it is objected to at the time of its occurrence and a bill of exceptions is reserved to the adverse ruling of the court on such objection. *Failure to reserve a bill of exceptions at the time of an adverse ruling of the court operates as a waiver of the objection and as an acquiescence in the irregularity or ruling.*

"This requirement shall not apply to:

"(1) A ground for arrest of judgment under Article 859, or the court's ruling on a motion in arrest of judgment; or

"(2) The court's ruling on a motion for a new trial based on the ground of bills of exceptions reserved during the trial." (Emphasis ours).

■ This provision, requiring the reservation of a bill of exceptions at the time of the adverse ruling, applies both to the defense and the prosecution. Comment (b), Art. 841, LSA–C.Cr.P.

■ The reservation of a bill of exceptions at the time of the ruling is basic to a formal bill of exceptions. LSA–C.Cr.P. Art. 843. In essence, the formal bill of exceptions is a *procès verbal* of the courtroom procedure, showing the objection or motion, the ruling by the court, the evidence essential for consideration of the ruling, and the contemporaneous reservation of a bill of exceptions. LSA–C.Cr.P. Arts. 841, 843, 844; Slovenko, Handbook of Criminal Procedure and Forms, p. 634 (1967).

Concededly, the prosecution reserved no bill of exceptions to the adverse ruling on the motion to quash. The document la-

belled "Bill of Exceptions No. 2" does not recite that such a bill was reserved. Nor could it properly do so.[1]

As this Court stated in State v. Pitre, 106 La. 606, 31 So. 133:

> "Complaint alone is not all that is necessary to bring up a question for review on appeal. The defendant is required timely to urge his objection, and to reserve his points. In the absence of a bill of exceptions informing the court on appeal of the objections to the findings of the lower court, it is as if no objection had been raised."

■ We conclude that the City's "Bill of Exceptions No. 2" presents nothing for review. See State v. Sinclair, 258 La. 84, 245 So.2d 365 (Footnote 1).

In addition to valid bills of exceptions, however, this Court can consider on appeal "Any error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence." LSA–C.Cr.P. Art. 920; State v. Elfert, 247 La. 1047, 175 So.2d 826. Such errors are not waived by the failure to reserve a bill of exceptions.

The pleadings and proceedings in the present case include the affidavit, the motion to quash, and the ruling of the trial judge, reflected in the minutes, sustaining the motion to quash. They do not include the stipulation of facts and other evidence or the oral reasons assigned by the trial judge setting forth the grounds for his ruling.

The motion to quash in the present case is not directed at the recitals of the affidavit. Rather, it attacks the constitutionality of the basic ordinance on multiple grounds, to some or all of which the evidence, including the stipulation of facts, may be pertinent. Because of the evidentiary hearing and minute recital, we must assume that the trial judge considered the evidence in making his ruling. Hence, if error exists in the ruling, it cannot be determined solely by an inspection of the pleadings and proceedings.

After submission of the case for decision in this Court, the City caused a certified copy of the contested ordinance to be filed with the Clerk of the City Court of Baton Rouge and with the Clerk of this Court, apparently to comply with LSA–R.S. 13:3712, relative to judicial notice of municipal ordinances. Although such recordation is essential for a court to take judicial notice of a municipal ordinance, recordation of the ordinance provides no adequate substitute for a bill of exceptions in

---

1. The document recites that "a motion for appeal was reserved by the city," apparently referring to the motion for appeal entered immediately following the trial judge's ruling on the motion to quash. A formal motion for appeal was entered later, on March 16, 1971.

the present case. Under Article 841, LSA–C.Cr.P., the City's failure to reserve a bill of exceptions operated as an acquiescence in the ruling and as a waiver.

We hold that the posture of the case is such that the constitutionality of the ordinance is not ripe for review. Hence, we express no opinion as to its constitutionality. We affirm the trial court's ruling, solely because of the absence of a reviewable bill of exceptions.

For the reasons assigned, the judgment of the City Court for the City of Baton Rouge is affirmed.

BARHAM, J., concurs.

SUMMERS, Justice (concurring).

The decision of the City Court declaring the ordinance unconstitutional becomes final when the issue is not properly presented for review on appeal. This means that the contested ordinance has been declared unconstitutional by a court of competent jurisdiction in a judgment which becomes final when this appeal becomes final. The ordinance is, therefore, unconstitutional, which is as it should be.

DIXON, Justice (concurring).

This case is before us by virtue of subsection (2) of Section 10 of Article 7 of the Constitution:

"The following cases only shall be appealable to the Supreme Court:

"(2) Cases in which an ordinance of a parish, municipal corporation, board or subdivision of the state, or a law of this state has been declared unconstitutional;"

The Constitution further provides that "if a case is appealed properly to the Supreme Court on any issue, the Supreme Court has appellate jurisdiction over all other issues involved in the case."

The Code of Criminal Procedure cannot limit the jurisdiction of this court. The ordinance is before us, and has been declared unconstitutional. That ordinance, Section 233 of Title 11 of the Baton Rouge City Code is as follows:

"(a) Any person who operates a motor vehicle within the corporate limits of the City of Baton Rouge shall be deemed to have given his consent to submit to a chemical test of his breath, for the purpose of determining the alcoholic content of his blood, if he is either involved in any collision which results in property damage, personal injury or death, or is cited, charged or arrested for a violation of any state law or ordinance of this City relating to a moving vehicle, upon the request of a law enforcement officer who has reason to believe such person was driving a motor vehicle while under the influence of alcohol in violation of

Title 11, Section 225 of the Baton Rouge City Code or Title 14, Section 98 of the Revised Statutes of the State of Louisiana.

"If such person refuses to submit to such test, none shall be given, but such refusal may subject such person to a charge for violation of this Section.

"(b) Every person convicted of a violation of this Section shall be punished by a fine of not more than $200.00 or by imprisonment for not more than 60 days or by both fine and imprisonment."

We should have affirmed the City Court of Baton Rouge in its finding that the ordinance is unconstitutional.

TATE, Justice (concurring).

The writer concurs in the views of Justice Dixon that the constitutionality of the statute is before us by virtue of our appellate jurisdiction. The ordinance in question is also before us by virtue of La.R.S. 13:3712, entitling us to take judicial notice of it.

I further concur in Justice Dixon's belief that the judgment of the district court should be affirmed because, on the merits, the statute is unconstitutional.

In explanation, I should state that, in my opinion, an enactment may validly permit the police to stop an automobile or to ask the driver of one to submit to testing of his breath, in order to determine the alco-

holic content of his blood. On the balance, the public interest justifies the invasion to this extent of the individual's privilege to use the highways, at least when he has just been involved in a collision or a moving violation of traffic law. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Also, that an individual is required under these circumstances to submit to the test, does not necessarily involve an invasion of his privilege against self-incrimination. Schmerber v. California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966). See also State v. Dugas, 252 La. 345, 211 So.2d 285 (1968).

The unconstitutionality, in my opinion, lies in providing a criminal sanction of imprisonment or fine for the simple refusal of a person to submit to an ex parte non-judicial request for him to submit to such testing. The state does not have an unqualified right to punish one who asserts a right not to undergo such a test: An individual in free America is not subject to jailing simply for his refusal to obey a street order by an official to undergo a testing of his person. To make this refusal subject to criminal penalty, without reference to whether the ex parte non-judicial order is reasonable or not, in my opinion offends due process guarantees of the state and federal constitutions.

A refusal to undergo testing at the scene of the accident may well create a presumption that the results of the testing would be

adverse, and such refusal (not founded upon any Fifth Amendment right) may be admissible against the refuser in subsequent proceedings. State v. Dugas, 252 La. 345, 211 So.2d 285 (1968). Also, by exercising the privilege of driving upon the roadways of city and state, a driver may probably be required to give an implied consent to testing of the nature here involved; subject, if he fails to submit, to some privilege-related sanction, such as the temporary detainer of his license by the investigating officer and, after hearing, the suspension of his license.

For these reasons I respectfully concur.