TATE, Justice.
Dr. Angelo K. Lobue was charged in an affidavit in the City Court of the City of Hammond with having violated Article 82(2) (d) of the Criminal Code of the City of Hammond by keeping hunting dogs in his yard causing noise which disturbed the comfort and repose of residents of the vicinity.
The defendant filed a motion to quash urging that the enactment under which he was charged was unconstitutional for the reason that it is overbroad and too vague and indefinite. The motion was overruled.
Thereafter, defendant was tried, found guilty, and sentenced to serve thirty days in jail, the sentence being suspended on the condition that he would either remove the dogs from his premises or have them debarked.
On appeal to the 21st Judicial District Court for the Parish of Tangipahoa, the conviction and sentence were affirmed.
We granted certiorari. 262 La. 1071, 266 So.2d 213 (1972).
In this Court defendant reasserts the unconstitutionality of the Hammond ordinance ; and he further argues that the judge of the City Court of Hammond erred in granting a continuance prior to the trial of the matter. The prosecution counters with the contention that there is nothing for us to review because no bills of exceptions were reserved or perfected, and that therefore neither the provisions of the ordinance nor the circumstances surrounding the granting of the continuance are before us for our consideration.
No perfected bills appear in the record, and nothing in the minutes suggests that, any were reserved when the rulings were made.
The prosecution’s contention is meritorious under State v. Foret, 245 La. 70, 156 So.2d 606 (1963); State v. Foret, 245 La. 187, 157 So.2d 733 (1963), and City of Baton Rouge v. Van Valkenburg, 259 La. 23, 249 So.2d 189 (1971). And the fact that the relator has filed in this Court a certified copy of the ordinance does not alter the result. The argument that such circumstance would permit our consideration of the ordinance, although it is not made part of a bill of exceptions, was specifically rejected by this Court in the Van Val-kenburg case, supra, wherein we stated:
“ * * * Although such recordation is essential for a court to take judicial notice of a municipal ordinance, recordation of the ordinance provides no adequate substitute for a bill of exceptions in the present case. Under Article 841, LSA-C.Cr.P., the City’s failure to reserve a bill of exceptions operated as an acquiescence in the ruling and as a waiver.”
We therefore affirm the court’s ruling solely because of the absence of a reviewable bill of exceptions.[1]
*510 For the reasons assigned the conviction and sentence are affirmed.
Affirmed.
HAMLIN, J., dissents.
SUMMERS, J., concurs.

. The author of this opinion is of the view that the legislature or perhaps this Court itself should reexamine the Court’s holdings construing so strictly the requirement of a formal, perfected bill of exceptions in order for this Court to consider evidence otherwise readily available to it. This observation is prompted by recognition of improved mechanical methods for ready recordation and transcription of entire transcripts which often appear physically as part of a record even though not attached to or made part of a formal bill of exceptions. Thus, one of the principal reasons for requiring proceeding by way of the bill of exceptions has been eliminated. And the proceeding by strict adherence to the rules heretofore laid down by us relative to bills of exceptions appears to have become cumbersome and to be an end in itself rather than a means of promoting justice. Besides, in a number of cases even though the Court lias declined to consider evidence because it was not contained in a perfected bill of exceptions, it may later be required to view the same evidence in a habeas corpus proceeding if our original refusal to consider it constituted a denial of an accused’s constitutional right to a meaningful appeal because of defense counsel’s failure, negligently or otherwise, to perfect a bill of exceptions.