CALOGERO, Judge.
Defendant, William Roy Mallet, was indicted by the St. Landry Parish Grand Jury on October 2, 1972, for the theft of five (S) pistols with an aggregate value of $250.00. La.Code Cr.Proc. Article 481; La.R.S. 14:67. On November 22, 1972, he was charged by bill of information for the theft of one adding machine valued at under $100.00 dollars. Mallet was arraigned on each charge and entered pleas of not guilty to both. On December 27, 1972, Mallet filed motions to suppress evidence in both cases in which he was charged.[1] The motions were consolidated for hearing by the trial court, and subsequently sustained by the trial judge. A bill of exceptions was reserved by the State to the ruling of the trial court.
The State made application to this Court for a writ of certiorari in February, 1973, said application being filed under our Court Docket No. 53,623. The question presented by the State was whether or not the trial judge was correct in his ruling that the search warrant was invalid because of an inadequate description of the place to be searched (incorrect street address). This Court denied the writ finding no error of law in the ruling of the lower court.[2]
Prior to this Court’s decision on the State’s writ application, the State moved for an appeal which was granted by the trial judge. The State now, by interlocutory appeal, seeks the same relief requested in its earlier application for writ of certio-rari. We hold that the appeal was improvidently granted for the reasons assigned below, and should therefore be dismissed.
The Official Revision Comment (g) to Article 703 of our Louisiana Code of Criminal Procedure relative to a motion to suppress evidence states:
“No special provision is made for appeals from the judge’s ruling on a motion to suppress. If the ruling is adverse to the defendant, he can reserve a bill of exceptions for use in a regular appeal of the case. If the ruling on the motion is adverse to the state, the state may proceed with the case without the evidence or confession or may apply for writs of certiorari(emphasis ours)
The State has previously applied for and was denied writs of certiorari on this question. Review has therefore been exhausted, there being no provision for other appellate review of the sustaining of a motion to suppress.
Further, had we authority to consider the question, we would be constrained from so doing as the state has failed to perfect its bill of exceptions. City of Baton Rouge v. Van Valkenburg, 259 La. 23, 249 So.2d 189 (1971). Our appellate review extends to perfected bills of exceptions and to “Any error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence.” La.C.Cr.P. Art. 920(2).
For the above assigned reasons, the appeal is dismissed.

. State of Louisiana v. William R. Mallet— Criminal Docket No. 27818-27820, Twenty-Seventh Judicial District Court, St. Landry Parish, Louisiana.

. State of Louisiana v. Mallet, La., 273 So.2d 846 (La.1973).