865 So.2d 912 (2004)
STATE of Louisiana, Appellee
v.
Walter BLACKBURN, Jr., Appellant.
No. 37,918-KA.
Court of Appeal of Louisiana, Second Circuit.
January 28, 2004.
*913 Peggy J. Sullivan, Monroe, for Appellant.
Paul J. Carmouche, District Attorney, Tommy J. Johnson, Shenequa L. Grey, Assistant District Attorney, for Appellee.
Before WILLIAMS, MOORE and LOLLEY, JJ.
WILLIAMS, J.
The defendant, Walter Blackburn, Jr., was charged by bill of information with DWI, 4th offense, a violation of LSA-R.S. 14:98. The state subsequently amended the bill of information to charge the defendant with DWI, 3rd offense. After a bench trial, the defendant was found guilty *914 as charged. The trial court sentenced the defendant to serve one year at hard labor and to pay a fine of $2,000 and court costs, or in default of payment, to serve six months in the parish jail. The fine and all but thirty days of the defendant's sentence were suspended and the defendant was placed on supervised probation for two years with special conditions, including home incarceration for eleven months. The trial court denied the defendant's motions for judgment of acquittal and for new trial. Defendant now appeals. We affirm.

FACTS
On March 8, 2002, Caddo Parish Deputy Sheriff Rick Anderson was working patrol in the south sector of Caddo Parish. At 5:37 p.m., Deputy Anderson observed the defendant's grey Nissan pick-up truck approaching his vehicle at a high rate of speed at the 1100 block of Sparks Davis Road. Deputy Anderson used his radar to confirm that the defendant was speeding. He clocked defendant's speed at 69 m.p.h. in a 45 m.p.h. speed zone. According to Deputy Anderson, he turned his patrol car around and stopped the defendant's pick-up. A female juvenile was in the vehicle with the defendant.
Deputy Anderson testified that the defendant got out of the driver's side of the pick-up truck. When Deputy Anderson asked the defendant for his driver's license, defendant responded that his license had been suspended. Deputy Anderson testified that he immediately observed a strong odor of an alcoholic beverage on defendant. He testified that the defendant's eyes were "glossy over, and that's normal with someone who had been impaired." Deputy Anderson further testified that when defendant began talking to him, the defendant informed him that he had prior DWI arrests and "didn't need this type of stuff." Because of the odor of alcohol on defendant's breath, his gestures and his posture, Deputy Anderson felt defendant was alcohol-impaired. He then advised the defendant of his Miranda rights. Deputy Anderson administered the defendant field sobriety tests, which he failed to pass.
Defendant informed Deputy Anderson that he could not perform the field sobriety tests "even if he was dead sober." The defendant informed the deputy that he had drunk quite a bit and that he had been drinking less than twenty minutes before the traffic stop. The defendant admitted that he had drunk a six-pack over an unspecified period of time. Defendant also admitted that he should not have been driving. Deputy Anderson placed the defendant under arrest and transported him to the Caddo Correctional Center. Defendant refused to take the Intoxilyzer 5000 test.

DISCUSSION
By his sole assignment of error, the defendant contends the evidence was insufficient to sustain his conviction for driving while intoxicated, 3rd offense. Defendant does not challenge the sufficiency of the evidence presented to support the two predicate offenses. Rather, he specifically challenges the evidence presented to support the instant DWI conviction.
LSA-R.S. 14:98 provides, in pertinent part:
A. (1) The crime of operating a vehicle while intoxicated is the operating of any motor vehicle, aircraft, watercraft, vessel, or other means of conveyance when:
(a) The operator is under the influence of alcoholic beverages; or
(b) The operator's blood alcohol concentration is 0.10 percent or more by weight based on grams of alcohol per one hundred cubic centimeters of blood....
*915 Since Blackburn refused to take the breath test which would measure his blood alcohol level, the state relied on subsection (A)(1)(a) of the statute.
Under Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), the proper standard of appellate review for the sufficiency of the evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. State v. Bellamy, 599 So.2d 326 (La.App. 2d Cir. 1992), writ denied, 605 So.2d 1089 (La. 1992).
The Jackson standard is applicable in cases involving both direct and circumstantial evidence. An appellate court reviewing the sufficiency of evidence in such cases must resolve any conflict by viewing that evidence in the light most favorable to the prosecution. When the evidence is thus viewed, the facts established by the direct evidence or inferred from the circumstances must be sufficient for a rational trier of fact to conclude beyond a reasonable doubt that defendant was guilty of every essential element of the crime. State v. Sutton, 436 So.2d 471 (La.1983); State v. Lott, 535 So.2d 963 (La.App. 2d Cir.1988).
In order to convict the accused of driving while intoxicated, the prosecution need only prove that defendant was under the influence of alcohol or drugs. State v. Minnifield, 31,527 (La.App.2d Cir.1/20/99), 727 So.2d 1207; State v. Courtney, 30,629 (La.App.2d Cir.5/13/98), 714 So.2d 176; State v. Edwards, 591 So.2d 748 (La.App. 1st Cir.1991), writ denied, 94-0452 (La.6/21/96), 675 So.2d 1072; State v. Iles, 96-256 (La.App. 3d Cir. 11/6/96), 684 So.2d 38. Some behavioral manifestations, independent of any scientific test, are sufficient to support a charge of driving while intoxicated. Courtney, supra; State v. Neilson, 27,239 (La.App.2d Cir.8/23/95), 660 So.2d 130; State v. Pitre, 532 So.2d 424 (La.App. 1st Cir.1988), writ denied, 538 So.2d 590 (La.1989). It is not necessary that a conviction of DWI be based upon a blood or breath alcohol test, and the observations of an arresting officer may be sufficient to establish defendant's guilt. Intoxication is an observable condition about which a witness may testify. State v. Allen, 440 So.2d 1330 (La.1983).
A defendant's refusal to take the breath test is admissible at a DWI prosecution; the weight of the evidence is left to the trier of fact. LSA-R.S. 32:666 A(3); State v. Dugas, 252 La. 345, 211 So.2d 285 (1968); State v. Washington, 498 So.2d 136 (La.App. 5th Cir.1986).
Deputy Anderson testified that defendant had all three clues in both eyes on the horizontal gaze nystagmus ("HGN") test. When defendant performed the one-legged stand test, he swayed while balancing, failed to count properly and stopped one second early. When the defendant performed the walk-and-turn test, he could not keep his balance while listening to Deputy Anderson's instructions, stepped off the line twice before the turn, turned incorrectly, stepped off the line twice after the turn and did not walk heel to toe. According to Deputy Anderson, if a defendant steps off the line three times, he is considered as having failed the test. Based on all these events, Deputy Anderson determined the defendant was impaired [by alcohol] and "placed him in custody."
On cross examination, Deputy Anderson testified that the only traffic violation he observed was the defendant speeding. Although the police car's roof rack was on during the HGN test, the results of the tests performed are not affected during *916 the daytime. As stated above, defendant had informed Anderson that he could not have performed the field sobriety tests "even if he was dead sober." Defendant "immediately started begging" Deputy Anderson not to arrest him for DWI even before the officer informed him that he was under arrest. According to Deputy Anderson, defendant never refused to take the field sobriety tests, and never said he had any medical problems. While defendant was performing the HGN test he was not facing the lights of the deputy's vehicle and the road was level where the defendant was asked to perform the field sobriety tests.
Kathryn LeBlanc, Deputy Clerk of Court, testified with regard to her duties and established the foundation for the introduction of the defendant's prior convictions for DWI in October 1999 and October 2000. Sergeant Owen McDonnell testified that the fingerprints from the prior bills of information and defendant's known fingerprints were from the same person.
The defense presented the testimony of Ruby Blackburn, defendant's mother. She testified that defendant has emphysema and is disabled because of the disease. She said the area of the road where defendant was arrested was "hilly, but not a big hill, you know. But it is an incline, a little."
During closing arguments, the prosecutor and defense counsel recounted incidents from the videotape. While performing the walk-and-turn test, the defendant stated, "I am wobbling" and he was unable to perform the test. As stated above, the defendant admitted, on the tape and after the Miranda warning, that he had drunk "quite a bit" and that he had been drinking as little as 20 minutes before the traffic stop. He admitted having drunk a six-pack over an unspecified period of time. Defendant also said he should not have been driving. Defense counsel noted that, on the videotape, defendant was distressed and repeatedly asked the officer to give him a break"that he wouldn't be doing this normally, but he was just trying to do the girl that he was driving with a favor."
We find the record contained ample evidence to support the defendant's conviction. Thus, viewing the evidence in a light most favorable to the prosecution, a rational trier of fact could have found that the state proved, beyond a reasonable doubt, the essential elements necessary to convict the defendant of DWI, 3rd offense.

CONCLUSION
For the foregoing reasons, the defendant's conviction and sentence are affirmed.
AFFIRMED.