LOLLEY, J.
 

 It This criminal appeal arises from the First Judicial District Court, Parish of Caddo, State of Louisiana. Following a jury trial on September 14, 2010, the defendant, Jeryl Henix, was convicted of driving while intoxicated, third offense in violation of La. R.S. 14:98. He was sentenced to a term of imprisonment at hard labor for four years. The defendant was also ordered to pay a mandatory $2,000.00 fine. This appeal ensued. For the reasons that follow, we affirm the defendant’s conviction and sentence.
 

 FACTS
 

 On January 16, 2010, a rainy early morning, Officer Tashia Robinson of the Shreveport Police Department (“SPD”) was flagged down and told that a car was stuck in a ditch on Greenwood Road. She reported to the scene and came in contact with Henix. Henix had been driving his mother’s 1992 Cadillac when he drove through construction and landed into a ditch. When Off. Robinson saw Henix he was exiting the vehicle from the driver’s side and attempting to walk away. She detected a strong odor of alcohol on him, his speech was slurred, and he was unbalanced. Officer Robinson also noticed an abrasion or laceration to the upper left
 
 *954
 
 side of his face, near his left eye. Shreveport Fire Department Emergency Medical Services Unit (“EMS”) arrived on the scene and inquired about Henix’s injury. Henix replied that he was fíne and did not need to be transported to the hospital, but he continuously requested to go home. EMS identified the injury as minor. Officer Robinson inquired whether Henix had been drinking. He initially reported that he had not, and later he stated that he actually had been drinking. No open containers were found in or around the car. Based 12upon Henix’s condition and confession Off. Robinson transported Henix to the SPD traffic unit.
 

 After arriving at the station Henix was transported to the SPD DWI unit, where he came in contact with Officer Daniel Chumley. Officer Chumley had worked in the DWI unit for five years. His first impression of Henix was that he detected “a strong odor of an alcoholic beverage; his balance appeared to be poor, unsteady, appearance was real saggy, lazy looking.” Officer Chumley recognized these signs as indications of intoxication. Officer Chum-ley read Henix his rights and informed him that if he refused a chemical test it would be his third refusal; as such, penalties would follow. After Henix was informed of his rights, Off. Chumley began to question him. Officer Chumley testified that Henix’s speech was very hard to understand, his words were slurred, and he did not pronounce words properly. Henix told Off. Chumley that he consumed a total of three Coors Light beers prior to driving. He stated that he drank them before he came in contact with Off. Robinson. The exact time that the alcohol was consumed is unclear. Henix also could not inform Off. Chumley whether or not he was taking medication or had diabetes. When Henix was asked what happened, he did not state that he was involved in a crash, but he merely stated that there was mud. He also could not explain how he received the laceration to his eye. When asked if he had any physical limitations that would affect his ability to perform the field sobriety test, Henix responded that he did not.
 

 | (¡Following questioning, Off. Chumley began to administer the standardized field sobriety tests. He asked Henix to stand up straight, place his arms by his side, tilt his head up, and state the alphabet from “a” to “z.” Henix was unable to do so without moving and could not complete the alphabet. He was also asked to walk in a straight line touching heel-to-toe, which he was unable to do. The Horizontal Gaze Nystagmus Test is used to evaluate involuntary jerking of the eyes, which becomes more distinct with the amount of alcohol that somebody has consumed; however, Off. Chumley testified that he did not perform the test on Henix because he did not know if Henix had something in his eye that would alter the results of the test. Upon completion of the standardized field sobriety tests, Off. Chumley asked Henix if he would like to submit to a chemical test. Henix refused, making that his third refusal of a chemical test. He was subsequently booked into the Shreveport City Jail. Officer Chumley testified that when Henix exited the exam room he urinated on himself.
 

 Henix was changed by bill of information with DWI, third offense based on two pri- or DWI convictions in 2008 and 2009. He pleaded not guilty and a jury trial commenced. Following closing arguments, the jury was instructed on the law and the rules that should govern their deliberations. Each juror was allowed to review a copy of the jury instructions and follow along as they were read aloud. After the instructions were read, the jury was given a copy of the instructions to take into the jury deliberation room.
 

 
 *955
 
 |4Henix was convicted as charged and sentenced to serve four years in prison at hard labor. Additionally, he was required to pay a mandatory fine of $2,000.00, plus court costs. This appeal followed.
 

 Law and Discussion
 

 On appeal Henix asserts two assignments of error. First, he asserts the evidence adduced in the instant case is insufficient to support a conviction of driving while intoxicated, third offense. Second, he contends the trial court erred in giving a written copy of the jury instructions to the jury during the deliberations.
 

 Sufficiency of Evidence
 

 In his first assignment of error, Henix contends that Off. Chumley was neither qualified nor tendered as an expert in any field; nevertheless, he administered several tests to Henix to determine his sobriety and rendered an opinion that he was under the influence of alcohol. As such, Henix argues that this evidence should have been inadmissible against him at trial. Henix further contends that the conviction was based upon circumstantial evidence that did not exclude the possibility that he was impaired, not from consuming alcohol, but from a head injury he sustained as a result of the accident.
 

 When issues are raised on appeal both as to sufficiency of the evidence and as to one or more trial errors, the reviewing court should first determine the sufficiency of the evidence. The reason for reviewing the sufficiency first is that the accused may be entitled to an acquittal under
 
 Hudson v. Louisiana,
 
 450 U.S. 40, 101 S.Ct. 970, 67 L.Ed.2d 30 (1981). |aThe standard of appellate review for a sufficiency of the evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
 
 Jackson v. Virginia,
 
 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979);
 
 State v. Tate,
 
 2001-1658 (La.05/20/03), 851 So.2d 921,
 
 cert.
 
 denied, 541 U.S. 905, 124 S.Ct. 1604, 158 L.Ed.2d 248 (2004);
 
 State v. Carter,
 
 42,894 (La.App.2d Cir.01/09/08), 974 So.2d 181,
 
 writ denied,
 
 2008-0499 (La.11/14/08), 996 So.2d 1086. This standard, now legislatively embodied in La. C. Cr. P. art. 821, does not provide the appellate court with a vehicle to substitute its own appreciation of the evidence for that of the fact finder.
 
 State v. Pigford,
 
 2005-0477 (La.02/22/06), 922 So.2d 517;
 
 State v. Dotie,
 
 43,819 (La.App.2d Cir.01/14/09), 1 So.3d 833,
 
 writ denied,
 
 2009-0310 (La.11/06/09), 21 So.3d 297. The appellate court does not assess the credibility of witnesses or reweigh evidence.
 
 State v. Smith,
 
 94-3116 (La.10/16/95), 661 So.2d 442. A reviewing court accords great deference to a jury’s decision to accept or reject the testimony of a witness in whole or in part.
 
 State v. Eason,
 
 43,788 (La.App.2d Cir.02/25/09), 3 So.3d 685,
 
 writ denied,
 
 2009-0725 (La.12/11/09), 23 So.3d 913;
 
 State v. Hill,
 
 42,025 (La.App.2d Cir.05/09/07), 956 So.2d 758,
 
 writ denied,
 
 2007-1209 (La.12/14/07), 970 So.2d 529.
 

 Operating a vehicle while intoxicated is defined in La. R.S. 14:98(A), which provides in pertinent part:
 

 Ifi(l) The crime of operating a vehicle while intoxicated is the operating of any motor vehicle, aircraft, watercraft, vessel, or other means of conveyance when:
 

 (a) The operator is under the influence of alcoholic beverages; or
 

 (b) the operator’s blood alcohol concentration is 0.08 percent or more by weight based on grams of alcohol per one hundred cubic centimeters of blood....
 

 In regards to presenting evidence at trial, La. C.E. art. 701 contains an exception to the general rule that a lay witness may not give opinions. The article states:
 

 
 *956
 
 If the witness is not testifying as an expert, his testimony in the form of opinions or inferences is limited to those opinions or inferences which are:
 

 (1) Rationally based on the perception of the witness; and
 

 (2) Helpful to a clear understanding of his testimony or the determination of a fact in issue.
 

 Some behavioral manifestations, independent of any scientific test, are sufficient to support a charge of driving while intoxicated.
 
 State v. McDonald,
 
 33,013 (La.App.2d Cir.03/01/00), 754 So.2d 382, 386. It is not necessary that a conviction for DWI be based upon a blood or breath alcohol test, and the observations of an arresting officer may be sufficient to establish a defendant’s guilt; intoxication is an observable condition about which a witness may testify.
 
 State v. Allen,
 
 440 So.2d 1330 (La.1983);
 
 State v. Blackburn,
 
 37,918 (La.App.2d Cir.01/28/04), 865 So.2d 912. A defendant’s refusal to take the breath test is admissible at a DWI prosecution; the weight of the evidence is left to the trier of fact. La. R.S. 1732:666(A)(3);
 
 State v. Dugas,
 
 252 La. 345, 211 So.2d 285 (1968),
 
 cert. denied,
 
 393 U.S. 1048, 89 S.Ct. 679, 21 L.Ed.2d 691 (1969);
 
 State v. Blackburn, supra.
 

 At trial Off. Chumley testified about administering the field sobriety tests to Henix. We find the trial court did not err in admitting this testimony. Louisiana C.E. art. 701 did not prohibit it for two reasons: (1) the observations of an arresting officer may be sufficient to establish a defendant’s guilt; and (2) intoxication is an observable condition. First, the observations of an arresting officer may be sufficient to establish a defendant’s guilt.
 
 Allen, supra; Blockburn, supra.
 
 Officer Chumley, an experienced officer of five years, believed from
 

 his observations that Henix was intoxicated. During his tenure at the SPD, had performed numerous field sobriety tests. As such, his knowledge in the field makes him capable to identify an intoxicated individual.
 

 Second, intoxication is an observable condition.
 
 Id.
 
 There are certain behavior manifestations associated with intoxication, many of which are known to the layman. Therefore, a lay witness may testify about observing these conditions. Here, even if Off. Chumley was not qualified as an expert, his testimony would still be admissible because a lay witness may testify to observing the conditions of intoxication.
 

 Furthermore, we must note that there was no objection at trial to the testimony of Off. Chumley. The contemporaneous objection rule provides:
 

 [A]n irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence. A bill of exceptions to rulings or orders is unnecessary. It is sufficient that a party at the time the ruling or order of the court is made | sor sought, makes known to the court that action which he desires the court to take, or of his objections to the action of the court, and the grounds therefor.
 

 La. C. Cr. Pr. art. 841. Therefore, we find that the defendant’s failure to object bars his later attempt to challenge the admissibility of Off. Chumley’s testimony.
 

 Henix also claims the evidence presented at trial was insufficient to support his conviction. We disagree. At trial, the state called Off. Robinson to testify. Officer Robinson made initial contact with He-nix on the day of the accident. She smelled a strong odor of alcohol on his person, and Henix confessed that he had something to drink. EMS arrived at the scene of the accident to examine Henix. EMS reported that his injury was minor, and Henix, himself, stated that he did not
 
 *957
 
 need to be transported to the hospital. Because EMS examined Henix’s head injury and found that it was minor, the possibility that the injury might impair his ability to perform the field sobriety tests was taken into consideration and properly excluded. After EMS examined Henix and he admitted to drinking alcohol, Off. Robinson transported him to the SPD DWI unit where Henix came in contact with Off. Chumley. As discussed, Off. Chumley performed several field sobriety tests on Henix, all of which he failed. Based on that evidence, Off. Chumley believed He-nix to be intoxicated.
 

 In addition to the testimony of Officers Robinson and Chumley, the jury viewed two videos of the defendant the night of his arrest. The first video depicted the incident from Off. Robinson’s vehicle. It is apparent that Henix had difficulties locating his license, proof of insurance, and vehicle | registration for Off. Robinson, that his speech was slurred, and that he had difficulty maintaining his balance. The jury also viewed video of Henix performing field sobriety tests at the station with Off. Chumley. The video showed that Henix was unable to stand in one place with his head back while reciting the alphabet, or to walk in a straight line. The video also corroborates Off. Chumley’s testimony that Henix urinated on himself.
 

 The jury clearly found the testimony of Officers Robinson and Chumley to be credible. In addition, they were able to watch video surveillance of Henix first hand. After reviewing the record, we find that the jury had sufficient evidence to reasonably conclude that Henix was driving while intoxicated. Thus, this assignment of error is without merit.
 

 Written Jury Charge
 

 Henix argues in his second assignment of error that the trial court erred in providing a written copy of the jury instructions to the jury during deliberations.
 

 Louisiana C. Cr. P. art. 801 addresses the time of the jury charge and when a written charge is required. It provides:
 

 A. The court shall charge the jury after the presentation of all evidence and arguments. The court shall reduce its charge to writing if it is requested to do so by either a defendant or the state prior to the swearing of the first witness at the trial on the merits. The court’s written charge shall be read to the jury. The court shall deliver a copy thereof to the defendant and to the state prior to reading it to the jury.
 

 B. (1) After such written charge is read to the jury, a copy of the written charge shall be delivered to the jury if such delivery is consented to by both the defendant and the state in open court but not in the presence of the jury.
 

 | in(2) The lack of consent by either the defendant or the state to the delivery of the written charge to the jury shall not be communicated to the jury.
 

 C. A party may not assign as error the giving or failure to give a jury charge or any portion thereof unless an objection thereto is made before the jury retires or within such time as the court may reasonably cure the alleged error. The nature of the objection and grounds therefor shall be stated at the time of objection. The court shall give the party an opportunity to make the objection out of the presence of the jury.
 

 After a review of the record, we agree that the trial court did not follow the procedure outlined by La. C. Cr. P. art. 801 when allowing the jury a copy of the jury instructions. Pursuant to art. 801, the trial court was required to obtain the consent of both parties prior to dispensing a written copy of the jury instructions to the jury. The record does not indicate that the trial court obtained the consent of either party before doing so.
 

 
 *958
 
 However, the contemporaneous objection rule,
 
 supra,
 
 and La. C. Cr. P. art. 801 mandate that a defendant must state an objection at trial in order to preserve the issue for appeal. The record does not reflect that the defendant objected to the charge before the jury retired or within such time as the trial court may have reasonably cured the error. Due to the fact that the defendant failed to properly preserve this assignment of error for review, it cannot now be asserted on appeal.
 

 Even if the defendant had objected at trial, the error was harmless. Louisiana C. Cr. P. art. 921 provides, “A judgment or ruling shall not be reversed by an appellate court because of any error, defect, irregularity, or variance which does not affect substantial rights of the accused.”
 

 [nIn this case, the jury instructions were read in their entirety in open court in the presence of Henix and his counsel prior to the jury retiring to deliberate with the written copy of the identical jury charge delivered to them. Moreover, pursuant to La. C. Cr. P. art. 801, Henix had the opportunity to review the jury instructions and consent to them; there is no indication in the record that Henix was opposed to any part of the jury instructions. It is clear from the record that the introduction of the jury instruction to the jury did not prejudice Henix at trial. Thus, this assignment of error is without merit. See
 
 State v. Eiskina,
 
 965 So.2d 1010, 1015 (La.App.2d Cir.09/19/07).
 

 Conclusion
 

 For the foregoing reasons, the conviction and sentence for Jeryl Henix are affirmed.
 

 AFFIRMED.