[1] Defendant, Eloise O. McCoy, was charged by bill of information with operating a vehicle while intoxicated, a violation of LSA-R.S. 14:98. She pled not guilty. Following a bench trial, she was found guilty and sentenced to pay a fine of $400.00 plus court costs, and in default of payment, to serve sixty days in the parish jail. Additionally, she was placed on six months' unsupervised probation. We granted writs to consider the correctness of defendant's conviction.
[2] Defendant raises four assignments of error:
[3] (1) Whether the trial court erred in allowing introduction of a certificate certifying the proper functioning of a photoelectric intoximeter and the good condition of ampules used with it when the State had not given defendant prior notice of its intention to introduce the certificate into evidence.
[4] (2) Whether the trial court erred in admitting into evidence the results of a photoelectric intoximeter test when defendant had not been informed of the consequences of a refusal to submit to the test or the consequences if the test was conducted and indicated a blood alcohol level of .10 percent or above.
[5] (3) Whether the trial court should have excluded testimony regarding the "field sobriety" test as being opinion evidence with suspect probative weight.
[6] (4) Whether defendant's right against self-incrimination was violated by allowing testimony concerning a "field sobriety" test which the arresting officer administered to defendant before advising her of her right against self-incrimination.
[7] FACTS
[8] Defendant was driving down Highway 71 in Grant Parish, Louisiana, when a Montgomery police officer detected her speeding. The officer, who was headed in the opposite direction, turned his patrol car around and proceeded after defendant with *West Page 889 
his lights flashing. Close behind defendant, the officer saw her car weave into the left-hand lane, return to her lane and then go off onto the right-hand shoulder of the road. At that point, the officer turned on his siren and defendant's car came to a stop. The officer testified that when defendant exited her automobile, she was wobbly and had to hold on to her car to steady herself. He observed a half fifth of 100 proof Old Forester in plain view on the seat of her car, along with a cup.
[9] The officer proceeded to give defendant a "field sobriety" test which required defendant to touch her hands to her nose, to stand on one foot, and to pick up a coin from the ground. At the conclusion of the test, the officer arrested defendant and advised her of her "rights".
[10] The arresting officer took defendant to Colfax, Louisiana, where a state trooper, certified to do so, was to administer a photoelectric intoximeter (P.E.I.) test to defendant. The testimony of the arresting officer and that of the state trooper who administered the P.E.I. test conflicted with regard to who informed defendant of the consequences of her refusal to take the test. Each officer testified that he had not informed defendant, but that the other officer had[1]. Defendant did sign a standard form which advised her of the consequences of her refusal to take the test and of her constitutional rights (all in accordance with LSA-R.S. 32:661). The state trooper administered the P.E.I. test to defendant and the results showed a .13 gram percent blood alcohol level.
[11] ASSIGNMENT OF ERROR NO. 1
[12] By this assignment, defendant contends that a certificate which certifies the proper functioning of a photoelectric intoximeter and the good condition of the ampules used in its operation fall within the purview of LSA-R.S. 15:499, et seq.[2] These statutes require that the State give the defendant written notice at least ten days before trial of its intention to use certificates of analysis of physical evidence. Since no such notice was given in the instant case, it is defendant's contention that the certificate certifying the intoximeter should not have been allowed into evidence. We disagree.
LSA-R.S. 15:499 et seq. clearly do not apply to the certificate which the State introduced in this case. The applicability *West Page 890 
of R.S. 15:499 et seq. is limited to certificates which make proof of the results of laboratory examinations ofphysical evidence. The certificate introduced at trial in the present case was not intended to make proof of the results of examinations of physical evidence but, rather, to certify the proper functioning of testing equipment. Clearly, R.S. 15:499 et seq. do not govern the certificate with which we are concerned.
Certificates certifying the proper functioning of alcohol testing equipment like the photoelectric intoximeter are governed by LSA-R.S. 32:661 et seq. and the regulations of the Department of Public Safety promulgated in accordance with those statutes. Although R.S. 32:665 does require that, upon the request of the person who submits to a chemical test, full information concerning that test be made available to that person or his attorney, there is no requirement that the State notify defendant of its intention to introduce into evidence the photoelectric intoximeter certificate. The trial court did not err in admitting the P.E.I. certificate into evidence.
ASSIGNMENT OF ERROR NO. 2
By this assignment of error, defendant argues that the results of the P.E.I. test were inadmissible due to the law enforcement officers' failure to inform defendant of the consequences of a refusal to take the test or of the consequences if the test was conducted and the results indicated a blood alcohol concentration of .10 percent or above. We disagree.
the test results were not inadmissible due to the officers' failure to inform defendant of the consequences if the test was conducted and the results indicated a blood alcohol level of .10 percent or above since, at the time of defendant's arrest, there was no requirement that defendant be so informed. As a result of a 1983 amendment, effective January 1, 1984, R.S. 32:661 now requires that a person be informed of the consequences if the test is taken and the results indicate a high blood alcohol level. However, defendant's arrest occurred on October 13, 1983, prior to the effective date of that amendment and, therefore, the preamendment statute controls. See State v. Smith,359 So.2d 157 (La. 1978). The preamendment statute only required that a person be informed of the consequences of a refusal to take the test.
Although it does appear that the officers did not inform defendant of the consequences of a refusal to take the test, we find that their failure in this regard did not cause the test results to be inadmissible. Since defendant, did submit to the P.E.I. test, any question concerning the officers' failure to inform her of the consequences of a refusal to take the test is moot.
ASSIGNMENT OF ERROR NO. 3
The defendant contends that the trial court erred in allowing evidence of the "field sobriety" test since it was opinion evidence and only had suspect probative value.
A careful examination of the testimony of the arresting officer indicates that the officer only testified as to defendant's demeanor and actions. He testified that defendant was "wobbly", that she could hardly stand up, and that when she attempted to pick a coin up off the ground she nearly fell against him. At no point in his testimony did he offer the opinion that defendant was intoxicated.
Even if the officer had testified that defendant was intoxicated, such testimony would not have been infirm. Witnesses are allowed to draw reasonable inferences from personal observations. State v. Prestridge, 399 So.2d 564 (La. 1981). Intoxication is an observable condition about which a witness may testify. State v. Neal, 321 So.2d 497 (La. 1975).
The testimony of the arresting officer with respect to defendant's "field sobriety" test was not barred as opinion evidence. Furthermore, it was clearly relevant, its probative value far outweighing any possible prejudice that may have resulted from its admission. *West Page 891 
ASSIGNMENT OF ERROR NO. 4
In this assignment of error, defendant complains that her right against self-incrimination was violated when the arresting officer conducted a "field sobriety" test without first advising her of her right to remain silent.
It is a well settled rule that the right against self-incrimination is not implicated in the gathering of physical evidence and that defendant's Fifth Amendment rights cannot be used to bar demonstrative evidence. State v. Allen, 440 So.2d 1330 (La. 1983); Statev. Spence, 418 So.2d 583 (La. 1982). This assignment of error is without merit.
DECREE
For the reasons assigned, defendant's conviction and sentence are affirmed.
AFFIRMED.
[1] Under the circumstances, we must conclude that defendant was not informed of the consequences of her refusal to take the test.
[2] " § 499. Certificates of analysis
All criminalities laboratories established by laws of this state or by laws of the United States are authorized to make proof of the results of laboratory examinations of physical evidence by the certificate of the person in charge of such laboratory. Such certificate shall list: (1) The date and time such evidence was delivered to such laboratory. (2) The name of the person making such delivery. (3) The name of the person taking such delivery. (4) A brief description of the evidence. (5) The type of examination requested. (6) The name of the person making the examination. (7) The date or dates of the examination. (8) The results of the examination; and (9) The certificate of analysis shall be signed by the person making the examination and by the person in charge of the laboratory. § 500. Admissibility
In all criminal cases and in all cases in juvenile or family courts which are of a criminal nature, the courts of this state shall receive as evidence any certificate made in accordance with R.S. 15:499 subject to the conditions contained in this Section. It shall be received in evidence by such court as prima facie proof of its contents and as prima fade proof of proper custody of said evidence from the time of delivery to the laboratory until the time of its removal for transport to court, provided that the party against whom the certificate is sought to be used may summons those making the original of said certificate as witnesses under cross-examination, and in such cases the certificate shall not be prima facie proof of its contents or of proper custody. Added by Acts 1976, No. 439, § 1. § 501. Notice of opposing party
The party seeking to introduce a certificate made in accordance with R.S. 15:499 shall, not less than ten days prior to the commencement of the trial, give written notice of intent to offer proof by certificate. Such notice shall include a copy of the certificate."