641 So.2d 732 (1994)
STATE of Louisiana, Appellee,
v.
Mark ROSS, Appellant.
No. 26,272-KA.
Court of Appeal of Louisiana, Second Circuit.
August 17, 1994.
Robert S. Noel, II, Carso & Noel, Monroe, for appellant.
Richard Ieyoub, Atty. Gen., Baton Rouge, Jerry L. Jones, Dist. Atty., Jimmy D. White, Asst. Dist. Atty., Monroe, for appellee.
Before NORRIS and WILLIAMS, JJ., and WESTERFIELD, J. Pro. Tem.
WILLIAMS, Judge.
Defendant, Mark Ross, pled guilty to attempted possession of cocaine, a violation of LSA-R.S. 40:967. The defendant was sentenced to serve two years at hard labor. However, the execution of the sentence was suspended and the defendant was placed on supervised probation for a period of five years. As a special condition of his probation, defendant was ordered to serve six months in the parish jail. The defendant appeals his sentence as excessive. For the reasons assigned below, we affirm.
The record shows that during an undercover operation, the defendant sold cocaine to an agent of the Monroe Metro Narcotics Division. The police officers also had received information that cocaine was being sold at a residence located at 1001 South Fifth Street in Monroe. The defendant and Jualea Canfield were present when the officers arrived at this location. Canfield consented to a search of the residence which resulted in the seizure of marijuana and cocaine. Canfield told the officers that defendant was involved in the sale of the cocaine. Defendant and Canfield were arrested.
Defendant orally moved for reconsideration of sentence. His sole allegation was that the condition of probation ordering him to serve six months in jail was excessive. On appeal, defendant argues that because he was ordered to serve time in jail, he cannot maintain gainful employment to support his children. He also contends this special condition of probation results in punishment rather than rehabilitation.
The defendant failed to state a specific ground in support of his motion to reconsider sentence as required by LSA-C.Cr.P. Art. 881.1(D). This article precludes the defendant from presenting arguments to this court that were not presented to the trial court at a point in the proceedings when the trial court was in a position to correct the deficiency. State v. Mims, 619 So.2d 1059 (La. 1993). Absent a specific ground for reconsideration, *733 the defendant is "simply relegated to having the appellate court consider the bare claim of [constitutional] excessiveness." State v. Mims, supra. See also, State v. McEachern, 624 So.2d 43 (La.App.2d Cir. 1993).
The grid cell of the Felony Sentencing Guidelines applicable to defendant is 6-F, which is in the intermediate sentencing zone. The recommended sentence range is 12-24 months of incarceration in the event of revocation or 80-120 sanction units. For typical cases in this zone, the court should impose a sentence consisting of an intermediate sanction or sanctions unless a mandatory sentence of incarceration is required by law. La.S.G. § 207(D)(1). Probation is an intermediate sanction. La.S.G. § 207(D)(1)(b). State v. Tolliver, 621 So.2d 17 (La.App. 2d Cir.1993). A sentencing court continues to have discretion as to whether it will impose a suspended sentence. State v. Tolliver, supra.
La.S.G. § 207(D)(2) allows the trial court to fashion its sentence using the intermediate sanction exchange table at La.S.G. § 403(C). That table provides that one month in jail equates to 16 sanction units. Thus, the sentence of six months in jail is equal to 96 sanction units and is within the guidelines recommended range.
When a trial judge sentences within the designated sentence range on the sentencing grid, he or she need only put on the record the sentence, the proper grid cell for the sentence imposed, and the factors used to determine that the grid cell selected was appropriate. La.S.G. § 201(B) & (C); State v. Barnes, 607 So.2d 872 (La.App. 2d Cir. 1992).
Here, the trial judge determined that grid cell 6-F was applicable based on the offense of conviction and defendant's prior misdemeanor record. The trial court then imposed sentence within the designated range suggested by the FSG grid cell. When a sentence has been imposed within the designated sentence range of the appropriate grid cell, nothing is presented for review because the sentence is appropriate for an offender with that criminal history and it will not be deemed excessive under the Louisiana Constitution. La.S.G. § 201(C); State v. Essex, 618 So.2d 574 (La.App.2d Cir.1993); State v. Barnes, supra.

ERROR PATENT
LSA-C.Cr.P. Art. 930.8 provides that at the time of sentencing, the trial court shall inform the defendant of the prescriptive period for post-conviction relief. The record shows that the court incorrectly informed the defendant at the time of sentencing that he had three years "from this date" to apply for post-conviction relief. LSA-C.Cr.P. Art. 930.8 provides that the three-year prescriptive period commences when the judgment of conviction and sentence becomes final. Within ten days of the rendition of this opinion, the district court shall give defendant written notice that the prescriptive period for applying for post-conviction relief will begin when the judgment of conviction and sentence becomes final. Proof of the defendant's receipt of such notice shall be filed in the record of the proceedings. State v. Scott, 600 So.2d 756 (La.App.2d Cir.1992).

CONCLUSION
Finding that the defendant's sentence is not unconstitutionally excessive, we affirm his conviction and sentence.
AFFIRMED.