727 So.2d 1207 (1999)
STATE of Louisiana, Appellee,
v.
Mac MINNIFIELD, Appellant.
No. 31,527-KA.
Court of Appeal of Louisiana, Second Circuit.
January 20, 1999.
*1209 Bobby L. Culpepper & Associates by Bobby L. Culpepper, Counsel for Appellant.
Richard Ieyoub, Attorney General, Robert W. Levy, District Attorney, John F.K. Belton, Assistant District Attorney, Counsel for Appellee.
Before HIGHTOWER and PEATROSS, JJ., and PRICE, J. Pro Tem.
PEATROSS, J.
On January 21, 1998, Defendant, Mac Minnifield ("Minnifield"), was convicted by a jury of DWI, Fourth Offense, in violation of La. R.S. 14:98. He was sentenced by the trial court on February 3, 1998, to 15 years at hard labor, with 3 of the years to be served without benefit of probation, parole or suspension of sentence. Minnifield has appealed both the conviction and the sentence, urging 12 assignments of error. For the following reasons, we affirm both the conviction and the sentence.

FACTS
A little before midnight on October 18, 1996, after exiting Interstate 20, eastbound, Minnifield was stopped by Deputy Chad Alexander of the Lincoln Parish Sheriff's Department for improper lane usage. Deputy Alexander testified that he stopped Minnifield because he had observed Minnifield's vehicle cross the fog line (the outside white boundary line) on Interstate 20 three times prior to exiting the interstate. When Deputy Alexander asked Minnifield to produce his driver's license, Minnifield claimed not to have it with him and advised Deputy Alexander that his name was "Larry Minnifield." Deputy Alexander observed that Minnifield was staggering and swaying as he made his way down the length of the car to its rear where the deputy was standing. He detected *1210 a strong odor of some type of alcoholic beverage on Minnifield's breath when he spoke.
Deputy Alexander called Deputy Jim Stephens to the scene to administer two field sobriety tests, an alphabet test and the horizontal gaze nystagmus test (HGN), which he testified Minnifield failed. According to Deputy Stephens, Minnifield slurred through his recital of the alphabet, missing several letters. The HGN test indicated that Minnifield was under the influence of alcohol. Deputy Alexander then placed Minnifield under arrest and read him his Miranda rights.
Minnifield was then transported by Deputy Alexander to the corrections facility where he was identified by another officer as Mac Minnifield and not "Larry Minnifield." Minnifield refused to blow a sufficient amount of air into the Intoxilyzer machine for it to register and his attempts were, therefore, recorded as a refusal to submit to the test. No other tests were performed. Minnifield was charged with DWI, Fourth Offense.

DISCUSSION

Sufficiency of Evidence
Minnifield complains, among many other things, that the jury was not presented with sufficient evidence by the State on which to base a guilty verdict. Although Minnifield did not file a motion for post-verdict judgment of acquittal pursuant to La.C.Cr.P. art. 821, this court still considers sufficiency arguments. State v. Green, 28,994 (La.App.2d Cir.2/26/97), 691 So.2d 1273.
La. R.S. 14:98 provides, in pertinent part:
A. (1) The crime of operating a vehicle while intoxicated is the operating of any motor vehicle, aircraft, watercraft, vessel, or other means of conveyance when:
(a) The operator is under the influence of alcoholic beverages; or
(b) The operator's blood alcohol concentration is 0.10 percent or more by weight based on grams of alcohol per one hundred cubic centimeters of blood ...
Since Minnifield refused to take a breath test which would measure his blood alcohol level, the State relied on subsection (A)(1)(a) of the statute.
Under Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), the proper standard of appellate review for a sufficiency of evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. State v. Bellamy, 599 So.2d 326 (La.App. 2d Cir.1992), writ denied, 605 So.2d 1089 (La. 1992).
The Jackson standard is applicable in cases involving both direct and circumstantial evidence. An appellate court reviewing the sufficiency of evidence in such cases must resolve any conflict by viewing that evidence in the light most favorable to the prosecution. When the evidence is thus viewed, the facts established by the direct evidence or inferred from the circumstances must be sufficient for a rational trier of fact to conclude beyond a reasonable doubt that defendant was guilty of every essential element of the crime. State v. Sutton, 436 So.2d 471 (La.1983); State v. Lott, 535 So.2d 963 (La.App. 2d Cir.1988).
In order to convict an accused of driving while intoxicated, the prosecution need only prove that defendant was under the influence of alcohol or drugs. State v. Courtney, 30,629 (La.App.2d Cir.5/13/98), 714 So.2d 176; State v. Edwards, 591 So.2d 748 (La.App. 1st Cir.1991), writ denied, 94-0452 (La.6/21/96), 675 So.2d 1072; State v. Iles, 96-256 (La.App. 3d Cir.11/6/96), 684 So.2d 38. Some behavioral manifestations, independent of any scientific test, are sufficient to support a charge of driving while intoxicated. Courtney, supra; State v. Neilson, 27,239 (La. App.2d Cir.8/23/95), 660 So.2d 130; State v. Pitre, 532 So.2d 424 (La.App. 1st Cir.1988), writ denied, 538 So.2d 590 (La.1989). It is not necessary that a conviction of DWI be based upon a blood or breath alcohol test, and the observations of an arresting officer may be sufficient to establish defendant's guilt. Intoxication is an observable condition about which a witness may testify. State v. Allen, 440 So.2d 1330 (La.1983).
*1211 Deputy Alexander testified that he observed Minnifield weave out of his lane three times on Interstate 20 before being pulled over. When Minnifield got out of his car, he was staggering, gave the officer a false name and his breath smelled strongly of alcoholic beverages. Deputy Stephens also testified that Minnifield's eyes were bloodshot, his speech was slurred, he was swaying while he attempted to stand erect and his breath had a strong odor of alcoholic beverages. According to Deputy Stephens, Minnifield failed the HNG test and slurred his recital of the alphabet, missing several letters. Both deputies testified that Minnifield refused to blow a sufficient sample of air into the Intoxilyzer chemical testing machine.
The jury found the testimony of the law enforcement officers regarding Minnifield's sobriety to be credible. The officers' testimony, coupled with Minnifield's refusal to submit to a breath test, are incompatible with Minnifield's theory that a combination of sleepiness and heart medication/problems caused his bizarre behavior that day. The jury's decision to credit the officers' testimonies and not Minnifield's was within their discretion.
Minnifield also alleges that the evidence was insufficient to convict him of DWI, Fourth Offense, because the boykinization colloquy of his 1990 predicate offense in docket No. 33,552, State of Louisiana v. Mac Minnifield, makes no indication that he desired to give up his constitutional rights and, therefore, is not sufficient as a predicate offense. Minnifield, however, made no objection at trial to the introduction of this or the other predicate offenses. A defendant represented by counsel must raise objections to affidavits from his predicate DWI offenses contemporaneously in the criminal court considering the offense or within the delays for review. An irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence. State v. Hamilton, 594 So.2d 1376 (La.App. 2d Cir.1992); State v. Brown, 552 So.2d 612 (La.App. 2d Cir.1989), writ denied, 558 So.2d 581 (1990); La.C.Cr.P. art. 841. Even if this court were to examine this issue, the colloquy from the conviction reveals that Minnifield was represented by counsel and was made fully aware of the rights which he was foregoing by pleading guilty. Viewing the evidence in the light most favorable to the State, the State proved every element of DWI, Fourth Offense.

Minnifield's alleged heart condition
Minnifield also complains that the trial court committed error by refusing to allow defense counsel to ask Deputy Alexander on cross-examination if Minnifield had told him that he was awaiting a heart transplant. The trial court allowed defense counsel to ask several questions of Deputy Alexander about his knowledge concerning Minnifield's post-arrest statements regarding his heart condition and medication. The trial court then sustained the State's objection to a question regarding an alleged heart transplant. The question at issue stated: "Did he tell you he was waiting for a heart transplant?"
Though that question and the preceding questions were clearly hearsay, La. C.E. 801(C), the State only objected to the question concerning the transplant on the grounds that it was suggestive of facts not in evidence. In fact, it is improper to cross-examine a witness concerning facts which are not in evidence. C.E. art. 611; State v. Schouest, 351 So.2d 462 (La.1977).
We find that the trial court did not abuse its discretion. Minnifield was not prejudiced by the trial court's prohibition on questions regarding an alleged heart transplant he was to receive. Defense counsel was allowed to ask Deputy Alexander a number of questions about Minnifield's heart condition and medication. Defense counsel was also allowed to ask Deputy Stephens questions regarding the issue.

Determination of Intoxication
Minnifield next complains that the trial court committed error by failing to allow him to question Deputy Alexander to clarify the fact that there are different forms and methods to determine whether or not a person is intoxicated. We find this allegation is not supported by the record.
*1212 Defense counsel asked Deputy Alexander a series of questions regarding the different methods used to determine intoxication. In fact, defense counsel compelled the deputy, who had already testified that he was not certified to operate the Intoxilyzer 500, to read to the jury a certificate of inspection form for the machine. Defense counsel then asked whether the certificate stated that there are different forms or methods to determine whether or not a person is intoxicated. Finding that the document "speaks for itself," the trial court sustained the State's objection. The question was irrelevant to the contents of the form which Deputy Alexander had read to the jury; and, thus, the State's objection was properly sustained by the trial court. Further, Minnifield was not prejudiced since Deputy Alexander had already been questioned at length regarding that issue.

Lay Opinion Testimony
We will next address together Assignments of Error Four, Five and Six. In sum, Minnifield complains that the investigating officers were allowed to testify in contravention of La. C.E. art. 704 by giving an opinion regarding his state of intoxication when considering the "totality of the circumstances." Deputy Alexander stated he felt Minnifield was being uncooperative in "breaking the law" in general by "driving drunk," a conclusion Minnifield argues is only for the jury to reach.
La. C.E. art. 701 provides that if the witness is not testifying as an expert, his testimony in the form of opinions and inferences is limited to those opinions or inferences which are: (1) rationally based on the perception of the witness; and (2) helpful to a clear determination of a fact at issue.
Intoxication, with its attendant behavioral manifestations, is an observable condition about which a witness may testify. State v. Allen, supra. What behavioral manifestations are sufficient to support a charge of driving while intoxicated must be determined on a case-by-case basis. Furthermore, an officer's subjective opinion that a subject failed a field sobriety test may constitute sufficient evidence of intoxication to support a DWI conviction. See State v. Smith, 93-1490 (La.App. 1st Cir.6/24/94), 638 So.2d 1212; State v. Kent, 610 So.2d 265 (La.App. 5th Cir.1992).
In this case, the evidence consisted of Deputy Alexander's observations of Minnifield's poor driving and the observations he made after stopping Minnifield, including the smell of alcohol on Minnifield's breath and the fact that Minnifield gave him a false name, had slurred speech, impaired walking and refused to take the Intoxilyzer test. There were also the observations of Deputy Stephens, which included Minnifield's poor performance on the field sobriety tests, his refusal to take the Intoxilyzer test and his alcohol breath odor, slurred speech and appearance. Finally, Deputies Alexander and Stephens both concluded that Minnifield was intoxicated based on their observations and experiences as ordinary citizens and as law enforcement officers.
The officers' comments were their opinions based on their observations of Minnifield. Their comments were rational in light of the circumstances to which they testified, and within the parameters of La. C.E. 701.

Excessive Sentence
Minnifield also complains that his sentence is unconstitutionally excessive considering his health problems related to his heart. Minnifield asserts that the trial court did not adequately consider his health problems in fashioning its sentence. This complaint is also not supported by the record.
DWI, Fourth Offense, is punishable by imprisonment at hard labor for a minimum of 10 and a maximum of 30 years and a possible fine of five thousand dollars. See La. R.S. 14:98(E). Minnifield received a sentence of imprisonment at hard labor for a term of 15 years, 3 years of which were without benefit of parole, probation or suspension of sentence, and no fine was imposed. Minnifield filed a motion to reconsider sentence which was denied.
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the *1213 criteria set forth in La.C.Cr.P. art. 894.1. State v. Smith, 433 So.2d 688 (La.1983).
In this instance, the trial court considered a PSI report which related Minnifield's age, family ties, marital status, health and employment record. Minnifield had a lengthy adult record with five previous DWI convictions from two states and numerous driving violations. The trial court noted that Minnifield has shown no remorse for his actions and has given no indication that any type of suspended sentence or probation would be successful. The trial court further cited that Minnifield's history of combining alcohol with the driving of a motor vehicle, oftentimes during periods when his driver's license was under suspension, makes it likely that he would repeat this course of conduct.
Secondly, whether a sentence is too severe depends on the circumstances of the case and the background of the defendant. A sentence is constitutionally excessive if it is grossly out of proportion to the seriousness of the offense or nothing more than a needless infliction of pain and suffering. State v. Bonanno, 384 So.2d 355 (La. 1980). A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Richardson, 545 So.2d 714 (La.App. 2d Cir.1989).
A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of discretion, we do not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La. 1983); State v. Thompson, 25,583 (La.App.2d Cir.1/19/94), 631 So.2d 555; State v. Hudgins, 519 So.2d 400 (La.App. 2d Cir.1988), writ denied, 521 So.2d 1143 (La.1988); State v. Madison, 535 So.2d 1024 (La.App. 2d Cir. 1988).
The trial court chose a sentence from the lower statutory range. The crime of DWI, Fourth Offense, is a serious offense that creates an atmosphere in which innocent people may be injured or killed. Considering Minnifield's record of convictions and his history of disrespect of the law and the lives of others in relation to the privilege of driving, the penalty cannot be said to inflict unnecessary pain and suffering.
Contrary to Minnifield's assertion on appeal, the trial court expressly stated that Minnifield's health was a mitigating factor considered before sentencing. The trial court remarked that Minnifield has continued his years of unlawful behavior despite his apparent poor health and would be sentenced in accordance with that reality. We find no error in the trial court's sentencing of Minnifield.

Trial Transcript
Minnifield asserts that the trial court erred in making no record of the objections made during trial, which were heard in a separate smaller courtroom. Minnifield complains specifically that the minutes of his 1996 DWI conviction (State's Exhibit 2) should not have been allowed into evidence. He argues that his right to appeal was prejudiced by the trial court's failure to record his objections and discussions thereof, making it impossible to successfully argue on appeal the objections which he made at trial.
To effectuate the guarantee of an appeal in felony cases, a complete record is needed for proper support and review of assigned errors. State v. Mamon, 648 So.2d 1347 (La.App. 2d Cir.1994). Only an omission from the record which is inconsequential and immaterial to a proper review on appeal does not require reversal of a conviction. Mamon, supra. In Mamon, this court found that either the trial court's specific ruling or its resolution of the matters not on record was clear from the record.
In the instant case, defense counsel made an objection to the offer of State's Exhibit 2 into evidence. The trial court recessed to the "small courtroom" for argument, but the record does not reveal what transpired. The exhibit was apparently not entered into evidence at that time since the State made an offering later of Exhibits 1, 2a, 2b, 3 and 4. Defense counsel did not object to the second offering. The State's re-offering and the trial court's acceptance of State's Exhibit 2, without objection from Minnifield, renders the previous non-recorded hearing of his objection moot.
*1214 The record evidences that defense counsel ultimately chose not to object to State's Exhibit 2. The other objections of which Minnifield complains were either sustained in his favor or were recorded. Minnifield was, therefore, not prejudiced by the failure to record certain objections.

Suppressed Evidence
Finally, Minnifield complains that the trial court erred in allowing evidence to be introduced at trial that had previously been suppressed. We find no support for this complaint in the record.
A pre-trial suppression hearing was held concerning Minnifield's statement to Deputy Alexander, prior to his being read his rights per Miranda, that he had consumed alcohol. Minnifield prevailed in the hearing and the statement was suppressed. Accordingly, the trial court did not allow the State to ask Deputy Alexander questions pertaining to Minnifield's admission to alcohol consumption as it related to the initial stop. Conversely, any questions the officer asked Minnifield after he was advised of his constitutional rights, per Miranda, the State was allowed to probe. Minnifield cites no instance where the trial court made an error in this respect.

ERROR PATENT
In our review of errors patent on the face of the record, we note that the bill of information incorrectly cites La. R.S. 14:98.3 as the relevant statute. Minnifield was charged with operating a motor vehicle while under the influence of alcohol, fourth offense, a violation of La. R.S. 14:98. He was sentenced pursuant to La. R.S. 14:98(E). Where, as in the matter before this court, despite the technical insufficiency in the bill of information, it fairly informs the accused of the charge against him and the defect does not prejudice him, objection to it may not be raised for the first time after conviction. State v. Dowling, 387 So.2d 1165 (La.1980).
The record also reflects that the trial court, when sentencing Minnifield, did not give him credit for time served for this offense. La.C.Cr.P. art. 880 requires the court to give a defendant credit toward service of his sentence for time spent in actual custody prior to the imposition of sentence. We, therefore, amend Minnifield's sentence to credit him for his time already spent in custody.
We also note that the record indicates that the trial court appeared to be confused over the commencement of the prescriptive period for post-conviction relief. The trial court informed Minnifield, "That three year period of time probably begins today." After Minnifield expressed confusion over the date of the commencement of the prescriptive period, the trial court repeated, "You have three years from this day in all probability tofile or to seek any post-conviction relief...." When Minnifield again expressed to the trial court that he did not understand the trial court's explanation of the commencement of the time period for post-conviction relief, the trial court instructed him to address further inquiries to defense counsel.
At the time of sentencing, the trial court shall inform the defendant of the three-year prescriptive period in which to apply for post-conviction relief. La.C.Cr.P. art. 930.8(C). The prescriptive period runs from the date the judgment of conviction and sentence become final. See La.C.Cr.P. art. 930.8.
Since the trial court did not inform Minnifield that the prescriptive period begins to run from the date the conviction and sentence become final, the trial court was not in compliance with La.C.Cr.P. art. 930.8(C). State v. Lofton, 26,732 (La.App.2d Cir.1/25/95), 649 So.2d 148. We, therefore, instruct the trial court to remedy the error by providing Minnifield with written notice that the prescriptive period for applying for post-conviction relief will begin when the judgment of conviction and sentence becomes final, and proof of Minnifield's receipt of such notice shall be filed in the record. State v. Ross, 26,272 (La.App.2d Cir.8/17/94), 641 So.2d 732.

CONCLUSION
For the foregoing reasons, Defendant's conviction and sentence are affirmed with error patent corrections.
AFFIRMED.
HIGHTOWER, J., concurs with written reasons.
*1215 HIGHTOWER, J., concurring.
Defendant's evidence-sufficiency complaint, raised merely by assignment of error rather than by post-trial motion for acquittal in the district court, is not properly before us. See La.C.Cr.P. art. 821; State v. Hall, 624 So.2d 927 (La.App. 2d Cir.1993), writ denied, 629 So.2d 1182 (La.1993); Bates v. Blackburn, 805 F.2d 569 (5th Cir.1986), cert. denied, 482 U.S. 916, 107 S.Ct. 3190, 96 L.Ed.2d 678 (1987). See also discussion in concurrence to State v. Green, 28,994 (La. App.2d Cir.02/25/97), 691 So.2d 1273, and authorities therein. Thus, I do not reach that aspect of the appeal, but otherwise fully concur in the affirmance of the conviction and sentence.