918 So.2d 485 (2005)
STATE of Louisiana, Appellee
v.
Dennis Dion PICKARD, Appellant.
No. 40,422-KA.
Court of Appeal of Louisiana, Second Circuit.
December 14, 2005.
*487 Louisiana Appellate Project, by Holli Herrle-Castillo, Marrero, for Appellant.
Paul J. Carmouche, District Attorney, Philip House, Tommy J. Johnson, Assistant District Attorneys, for Appellee.
Before GASKINS, CARAWAY & PEATROSS, JJ.
PEATROSS, J.
Defendant, Dennis Dion Pickard, was charged with driving while intoxicated, third offense. After a bench trial, Defendant was found guilty as charged and the trial court imposed a sentence of five years at hard labor, with all but thirty days suspended, to run concurrent with any other sentence. Thirty days were ordered to be served without the benefit of parole, probation or suspension of sentence. Defendant was also placed on supervised probation for three years. Motions for post-verdict judgment of acquittal and new trial were argued and denied. Defendant now appeals, arguing that the evidence was insufficient to support his conviction. For the reasons stated herein, Defendant's conviction and sentence are affirmed.

FACTS
The record establishes that, at 8:58 p.m. on November 22, 2003, Patrolman Rodney Spikes was driving northbound on Highway 171 when he observed a black pickup truck cross over from the southbound to the northbound lane without any headlights on. The truck was being driven by Defendant; and, as Defendant pulled up beside Deputy Spikes, he turned on the truck's headlights and Deputy Spikes activated the overhead lights to initiate a traffic stop. Rather than merge to the right shoulder, Defendant merged into another crossover lane and stopped partially on the crossover lane and partially in the grass median. As Deputy Spikes made contact with Defendant, he smelled the odor associated with "alcoholic impurities." When Deputy Spikes asked Defendant for his driver's license, Defendant stated that he left it at home and gave the officer a false name.
Shortly after Defendant was stopped, at approximately 9:00 p.m., Deputy Russell Hicks of the Caddo Parish Sheriff's Office pulled his patrol car behind Deputy Spikes' patrol car. Deputy Hicks conducted a Horizontal Gaze Nystagmus ("HGN") test, which is a field sobriety test. Deputy Hicks testified that Defendant exhibited the six clues, or characteristics, of impairment during this test. Defendant was arrested and was read his Miranda rights.
Subsequently, Deputy Spikes found a driver's license in Defendant's truck with a name different from the name that Defendant had originally given. When questioned by Deputy Spikes about the driver's license, Defendant gave his correct name and also stated that he had consumed two beers.
Defendant was then taken to the south substation, where Deputy Hicks continued sobriety testing. Defendant could not keep his balance on the walk-and-turn test while listening to instructions and could not touch heel to toe without using his arm for balance. On the one-leg stand, Defendant swayed while attempting to balance and used his arm to balance. Officer Hicks noticed that Defendant's speech was slurred. At 9:31 p.m., after again being *488 read his Miranda rights, Defendant submitted to an Intoxilyzer 5000 test and measured a reading of .031.
As previously stated, Defendant was charged by bill of information with driving while intoxicated, third offense. He was found guilty and sentenced to five years at hard labor, with all but thirty days suspended and to be served without the benefit of parole, probation or suspension of sentence. Defendant was also placed on supervised probation for three years. This appeal ensued.

DISCUSSION
Assignment of Error Number One (verbatim): The evidence is insufficient to support a conviction for third-offense driving while intoxicated.
Defendant argues that the evidence presented by the State did not prove beyond a reasonable doubt that he was under the influence of alcoholic beverages. He notes that the subjective interpretations of Deputies Hicks and Spikes were the only evidence presented at trial and that he took the Intoxilyzer test and passed. Defendant argues that the State failed to negate the reasonable probability that he was not driving under the influence of alcohol, as evidenced by his Intoxilyzer 5000 results.
Recognizing that Defendant's Intoxilyzer 5000 results were below the level in which intoxication could be presumed, see La. R.S. 32:662, infra, the State maintains that the legislative creation of presumptions at certain levels does not create a presumption that impairment cannot occur at a lesser level. The State further submits that the trial court can consider other evidence available to it to determine whether or not the operator was impaired and contends that, when viewed in a light most favorable to the prosecution, the evidence was sufficient to convict Defendant of driving while intoxicated, third offense. We agree.
When issues are raised on appeal, both as to the sufficiency of the evidence and as to one or more trial errors, the reviewing court should first determine the sufficiency of the evidence. The reason for reviewing sufficiency first is that the accused may be entitled to an acquittal under Hudson v. Louisiana, 450 U.S. 40, 101 S.Ct. 970, 67 L.Ed.2d 30 (1981), if a rational trier of fact, viewing the evidence in accord with Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), in the light most favorable to the prosecution, could not reasonably conclude that all of the elements of the offense have been proved beyond a reasonable doubt. State v. Hearold, 603 So.2d 731 (La.1992); State v. Bosley, 29,253 (La.App.2d Cir.4/2/97), 691 So.2d 347, writ denied, 97-1203 (La.10/17/97), 701 So.2d 1333.
The Jackson standard is applicable in cases involving both direct and circumstantial evidence. An appellate court reviewing the sufficiency of evidence in such cases must resolve any conflict in the direct evidence by viewing that evidence in the light most favorable to the prosecution. When the direct evidence is thus viewed, the facts established by the direct evidence and inferred from the circumstances established by that evidence must be sufficient for a rational trier of fact to conclude beyond a reasonable doubt that defendant was guilty of every essential element of the crime. State v. Sutton, 436 So.2d 471 (La.1983); State v. Owens, 30,903 (La. App.2d Cir.9/25/98), 719 So.2d 610, writ denied, 98-2723 (La.2/5/99), 737 So.2d 747.
This standard, now legislatively embodied in La. C. Cr. P. art. 821, does not provide the appellate court with a vehicle to substitute its own appreciation of the *489 evidence for that of the fact finder. State v. Robertson, 96-1048 (La.10/4/96), 680 So.2d 1165. The appellate court does not assess the credibility of witnesses or reweigh evidence. State v. Smith, 94-3116 (La.10/16/95), 661 So.2d 442.
Where there is conflicting testimony about factual matters, the resolution of which depends upon a determination of the credibility of the witnesses, the matter is one of the weight of the evidence, not its sufficiency. State v. Allen, 36,180 (La. App.2d Cir.9/18/02), 828 So.2d 622, writ denied, 02-2595 (La.3/28/03), 840 So.2d 566, 02-2997 (La.6/27/03), 847 So.2d 1255, cert. denied, Allen v. Louisiana, 540 U.S. 1185, 124 S.Ct. 1404, 158 L.Ed.2d 90 (2004).
In the absence of internal contradiction or irreconcilable conflict with physical evidence, one witness's testimony, if believed by the trier of fact, is sufficient support for a requisite factual conclusion. State v. White, 28,095 (La.App.2d Cir.5/8/96), 674 So.2d 1018, writ denied, 96-1459 (La.11/15/96), 682 So.2d 760, writ denied, 98-0282 (La.6/26/98), 719 So.2d 1048.
Here, Defendant was charged with driving while intoxicated, third offense. In order to convict an accused of driving while intoxicated, the prosecution need only prove that a defendant was operating a vehicle and that the defendant was under the influence of alcohol or drugs. La. R.S. 14:98(A)(1)(a); State v. Minnifield, 31,527 (La.App.2d Cir.1/20/99), 727 So.2d 1207, writ denied, XXXX-XXXX (La.6/18/99), 745 So.2d 19. To convict a defendant of driving while intoxicated, third offense, the state must also prove that the defendant has had two prior valid convictions, as defined in La. R.S. 14:98(F)(1), and that these convictions are not stale under La. R.S. 14:98(F)(2). State v. Inzina, 31,439 (La.App.2d Cir.12/9/98), 728 So.2d 458.[1]
La. R.S. 32:662 A(1)(a) provides as follows:
A. The chemical test or tests as provided for by this Part shall be subject to the following rules and shall be administered as provided for hereafter:
(1) Upon the trial of any criminal action or proceeding arising out of acts alleged to have been committed by any person while driving or in actual physical control of a vehicle while under the influence of alcoholic beverages the amount of alcohol in the person's blood at the time alleged as shown by chemical analysis of the person's blood, urine, breath, or other bodily substance shall give rise to the following presumptions:
(a) Except as provided in Subparagraph (d), if the person had a blood alcohol concentration at that time 0.05 percent or less by weight, it shall be presumed that the person was not under the influence of alcoholic beverages.
(b) Except as provided in Subparagraph (d), if the person had a blood alcohol concentration at that time in excess of 0.05 percent but less than 0.08 percent by weight, such fact shall not give rise to any presumption that the person was or was not under the influence of alcoholic beverages, but such fact may be considered with other competent evidence in determining whether the person was under the influence of alcoholic beverages.
(c) If the person had a blood alcohol concentration at that time of 0.08 percent or more by weight, it shall be presumed that the person was under the *490 influence of alcoholic beverages. (d) If the person was under the age of twenty-one years at the time of the test and had a blood alcohol concentration at that time of 0.02 percent or more by weight, it shall be presumed that the person was under the influence of alcoholic beverages.
(2) The blood alcohol concentration or level shall be based upon grams of alcohol per one hundred cubic centimeters of blood. Individuals measured through breath shall be afforded the timely option of the administration of a blood test for alcohol content.
B. The provisions of Subsection A of this Section shall not be construed as limiting the introduction of any other competent evidence bearing upon the question whether the person was under the influence of alcoholic beverages or any abused substance or controlled dangerous substance as set forth in La. R.S. 40:964.
C. Except as provided in Paragraph A(2) of this Section, this Section has no application to a civil action or proceeding.
An officer must conduct a general observation of the defendant for a period of fifteen minutes prior to testing, whereby the defendant shall not have ingested alcohol, alcoholic beverages, regurgitated, vomited or taken anything by mouth. State v. Meredith, 36,483 (La.App.2d Cir.12/11/02), 833 So.2d 1125.
Some behavioral manifestations, independent of any scientific test, are sufficient to support a charge of driving while intoxicated. State v. Blackburn, 37,918 (La.App.2d Cir.1/28/04), 865 So.2d 912. It is not necessary that a condition of DWI be based upon a blood or breath alcohol test, and the observations of an arresting officer may be sufficient to establish the defendant's guilt, since intoxication is an observable condition about which a witness may testify. Minnifield, supra. What behavioral manifestations are sufficient to support a charge of driving while intoxicated must be determined on a case-by-case basis. Id. Furthermore, a subjective opinion that a subject failed a field sobriety test may constitute sufficient evidence of intoxication to support a DWI conviction. Id.
In the case sub judice, Defendant contends that the evidence is insufficient to sustain his conviction of DWI, third offense. The evidence presented consisted of Deputy Spike's observations of Defendant's poor driving and the observations he made after stopping Defendant, including the smell of alcohol on his person, slurred speech, unsure balance and the fact that Defendant gave a false name.
Deputy Hicks testified that, as he pulled up behind Deputy Spikes' patrol car, Defendant was standing beside his truck. Deputy Hicks stated that his initial observation was the odor of alcoholic beverage on Defendant's person. Deputy Hicks further testified that, when he conducted the HGN test, he observed all six clues of the test. He corroborated Deputy Spikes' testimony that Defendant stated that he had consumed two beers. In addition, the videotape of the traffic stop was introduced in connection with the field sobriety tests and Deputy Hicks testified that it was a true and accurate representation of the events of the stop. Deputy Hicks testified that, based on the field sobriety tests and his observations, he determined that Defendant was intoxicated and impaired.
Considering the testimony and evidence, in a light most favorable to the prosecution, a rational fact finder could have found beyond a reasonable doubt that the evidence was sufficient to support the conviction. *491 See Jackson v. Virginia, supra; Hearold, supra; Bosley, supra. Since the credibility of witnesses is the sound discretion of the trier of fact, the appellate court does not assess the credibility or reweigh evidence. Smith, supra. We find that the testimony of the two deputies regarding their observations of Defendant and their consistent opinions that Defendant was under the influence and impaired is sufficient to support his conviction.

CONCLUSION
For the foregoing reasons, the conviction and sentence of Defendant, Dennis Dion Pickard, are affirmed.
AFFIRMED.
NOTES
[1] At the trial in the case sub judice, the State and defense stipulated that Defendant's two prior DWI convictions listed in the bill of information were correct and Defendant does not challenge the predicate offenses on appeal.