NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

15-455

STATE OF LOUISIANA

VERSUS

KYLE D. HODDE

AKA KYLE DANIEL HODDE

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. CR 138399
HONORABLE PATRICK LOUIS MICHOT, DISTRICT JUDGE

**********

ELIZABETH A. PICKETT
JUDGE

**********

Court composed of Elizabeth A. Pickett, Billy Howard Ezell, and John E. Conery, Judges.

AFFIRMED.

John P. Calmes  Jr.
Attorney At Law
329 St. Ferdinand Street
Baton Rouge, LA 70802
(225) 387-2200
COUNSEL FOR DEFENDANT-APPELLANT:
    Kyle D. Hodde

**Keith A. Stutes**
**District Attorney, Fifteenth Judicial District**
**Cynthia Simon**
**Assistant District Attorney**
**P. O. Box 3306**
**Lafayette, LA 70502-3306**
**(337) 232-5170**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**PICKETT, Judge.**

<u>FACTS</u>

John Childers, a trooper with the Louisiana State Police, Troop I, was patrolling Interstate 10 between Lafayette and Baton Rouge on October 16, 2010, when he was called to an accident scene on I-10. At trial, he testified that the defendant, Kyle D. Hodde, was involved in a two-car accident, wherein the defendant's vehicle rear-ended another car. When the trooper approached the defendant, who was outside his car, the trooper saw an unopened six pack of beer outside the driver's side door. Although the airbag of his vehicle had deployed, the defendant did not appear to be injured and did not request medical assistance. Even though the trooper could smell the odor of alcohol on the defendant's breath, the defendant denied he had been drinking. The trooper testified that the defendant's eyes were bloodshot and that his speech was slurred. The trooper read the defendant his rights and asked him if he would take a field sobriety test. The defendant agreed. The trooper conducted a horizontal gaze nystagmus test (HGN) and had the defendant perform the walk-and-turn and the stand-on-one-leg tests. The defendant failed the field sobriety tests and was arrested. The defendant refused a breathalyzer test.

The defendant was charged with operating a vehicle while intoxicated, third offense, a violation of La.R.S. 14:98. He was convicted as charged by a jury on February 11, 2014. Sentencing was held on August 20, 2014. Prior to sentencing, the trial court addressed and denied a motion for a new trial. The defendant was sentenced to three years at hard labor with all but one year suspended, credit for time served, and two years active probation.

The defendant has perfected a timely appeal, wherein he asserts that the evidence was insufficient to support the verdict of driving while intoxicated, third offense, and that the trial court erred when it denied his motion for a new trial.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by this court patent for errors patent on the face of the record. After reviewing the record, we find no errors patent.

## ASSIGNMENTS OF ERROR

The defendant alleges two assignments of error: 1) the evidence was insufficient to sustain the verdict, and 2) the trial court erred when it denied his motion for a new trial.

Regarding assignment of error number two, the defendant made an oral motion for new trial. In his oral motion for a new trial, the defendant alleged the evidence was insufficient to sustain the verdict. Louisiana Code Criminal Procedure Article 852 provides, in pertinent part, that "[a] motion for a new trial shall be in writing[.]" Therefore, a claim of insufficiency of the evidence to support the conviction via the oral motion was not preserved for review by this court. *State v. Peterson*, 96-1663 (La.App. 3 Cir. 6/4/97), 696 So.2d 211, *writ denied,* 97-1742 (La. 11/26/97), 703 So.2d 644. *See also, State v. Ballom,* 96-1443 (La. App. 4 Cir. 7/3/96), 678 So.2d 53.

However, as assignment of error number one alleges insufficient evidence, we will review the sufficiency of the evidence submitted at trial. In brief, the defendant argues that Trooper Childers was the only witness. Since the defendant refused the breathalyzer test, there was no direct evidence of intoxication. The trooper's testimony was the only proof offered of the defendant's condition. The

defendant, therefore, asserts that all the evidence was circumstantial, including what was observed on the trooper's unit camera of what transpired during the initial contact with the defendant and of the field sobriety test.

In *State v. Brown*, 03-897, p. 22 (La. 4/12/05), 907 So.2d 1, 18, *cert. denied*, 547 U.S. 1022, 126 S.Ct. 1569 (2006), the supreme court set forth the standard for determining a claim of insufficiency of evidence:

> When reviewing the sufficiency of the evidence to support a conviction, Louisiana appellate courts are controlled by the standard enunciated in *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Under this standard, the appellate court "must determine that the evidence, viewed in the light most favorable to the prosecution, was sufficient to convince a rational trier of fact that all of the elements of the crime had been proved beyond a reasonable doubt." *State v. Neal,* 00-0674 (La.6/29/01) 796 So.2d 649, 657 (citing *State v. Captville*, 448 So.2d 676, 678 (La.1984)).

Circumstantial evidence is evidence from which the main fact can be inferred, using reason and common experience, from proof of collateral facts and circumstances. *State v. Westmoreland*, 10-1408 (La.App. 3 Cir. 5/4/11), 63 So.3d 373, *writ denied*, 11-1660 (La. 1/20/12), 78 So.3d 140. Where the conviction is based on circumstantial evidence, in order to convict, "assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence." La.R.S. 15:438.

The defendant was charged with and convicted of driving while intoxicated in violation of La.R.S. 14:98. In order to convict an accused of driving while intoxicated, the prosecution need only prove that a defendant was operating a vehicle and that the defendant was under the influence of alcohol or drugs. La.R.S. 14:98(A)(1)(a); *State v. Minnifield*, 31,527 (La.App. 2 Cir. 1/20/99), 727 So.2d 1207, *writ denied*, 99-516 (La. 6/18/99), 745 So.2d 19. Some behavioral manifestations, independent of any scientific test, are sufficient to support a charge

3

of driving while intoxicated. *State v. Blackburn,* 37,918 (La.App. 2 Cir. 1/28/04), 865 So.2d 912. It is not necessary that a condition of intoxication be based upon a blood or breath alcohol test, and the observations of an arresting officer may be sufficient to establish the defendant's guilt, since intoxication is an observable condition about which a witness may testify. *Minnifield,* 727 So.2d 1207. What behavioral manifestations are sufficient to support a charge of driving while intoxicated must be determined on a case-by-case basis. *Id.* Furthermore, a subjective opinion that a subject failed a field sobriety test may constitute sufficient evidence of intoxication to support an operation of a vehicle while intoxicated conviction. *Id.*

In brief, the defendant points out that Trooper Childers admitted that there were other factors that can cause bloodshot eyes. The trooper also admitted that he could not tell from the smell of alcohol on the defendant's breath what type of alcohol the defendant consumed, how much, or when it was consumed. The defendant argues that the trooper did not state whether the smell of alcohol was faint, moderate, or strong, "as common in OWI investigations." The defendant argues that his speech did not appear to be slurred on the video of the accident investigation as he was speaking with the trooper. Trooper Childers admitted the defendant's words did not always appear to be slurred on the video but noted that passing traffic also muted the voices.

The defendant further argues that the conditions under which he took the field sobriety test were not optimal; the shoulder was substantially sloped, "pretty heavy" traffic was speeding by, it was windy, and "strobe" lights from the police cars were flashing both in front of and behind the defendant as he was performing the tests.

4

Furthermore, the defendant argues that the trooper admitted he did not complete the HGN test, spending only twelve seconds performing the test when it generally takes sixty to ninety seconds to complete the full test procedure. The defendant further argues:

> Additionally, although Trooper Childers testified that strobe lights would not affect the HGN test, experience and common sense tell us this is not true. In this case, both Appellant and Trooper Childers were facing flashing bar lights during the test. Anybody who has been around glaring lights knows that they make any movement appear jerky. In this case, not only did the flashing strobe lights affect appellant[']s ability to follow the stimulus but they also affected Trooper Childers['] ability to view Appellant's eyes.

Finally, the defendant contends that the trooper agreed it was windy that evening and wind could affect balance. He points out that he had also just been in a collision that was sufficient to have deployed his airbag. The defendant argues that the entire field sobriety test should be "totally" disregarded.

Trooper Childers testified he was a twenty-two year veteran of the Louisiana State Police. He stated that he executed over one hundred driving while intoxicated arrests during that time. He also attended several training classes on how to administer the field sobriety tests. He further disagreed that the shoulder of the road was "substantially" sloped. He stated he never would have performed the tests in that location if that had been the case. A review of the video of the roadside sobriety tests showed that there was a very small incline of the shoulder from the roadway. It was not substantially sloped.

Moreover, the video showed that the area the defendant performed the walk-and-turn and the stand-on-one-leg test was sufficiently lit. While initially the two patrol cars, in between which the defendant performed the test, were close together, one of the cars was moved forward several yards away from the area, and the area was lit by the head lights of Trooper Childers' vehicle. Also, the lights

flashing on the patrol units were significantly different from a "strobe" light. While there were vehicles, including large trucks, driving by, most of the vehicles had pulled over to the inside lane as required by vehicles on a highway where police cars are parked on the shoulder addressing traffic issues.

Trooper Childers agreed that he abbreviated the HGN tests; however, he insisted what he performed was sufficient when combined with the results or "clues" from the other two tests. He explained that besides performing the walk-and-turn and the stand-on-one-leg test, following the instructions was also a part of the tests. A review of the video showed that the trooper demonstrated twice how to walk an imaginary line, heel-to-toe, with his arms at his side, and turning with small steps to walk back nine steps, heel-to-toe. He testified that the defendant did not follow the instructions while performing the tests. The trooper testified that on the walk-and-turn test, instead of taking nine steps and turning as he was instructed, the defendant took thirteen steps, used his arms to balance himself, and several times stepped out of line.

In the video, the defendant noticeably swayed, held his arms out to balance himself, stepped outside the line he was walking, even crossing one leg over the other to catch himself.

The trooper described the stand-on-one leg test, which he stated was also a "divided attention test." He explained the test to the defendant, which required him to stand with his arms at his side, raise one foot to a forty-five degree angle, and count "one thousand one, one thousand two, one thousand three, for thirty (30) seconds. . . . [I]f that individual drops his foot, if he uses his arms to balance, if he sways, or if he hops, these are all indications that the person may be intoxicated." The video showed the defendant swaying, using his arms for balance, and dropping

6

his foot a few times during the test. We note that the trooper turned the defendant away from the traffic, so that he was looking towards the woods, while he performed the test.

The trooper then stated:

> Again, it goes back to the clues. If we don't have four (4) clues during the Horizontal Gaze Nystagmus test, if we don't have two (2) clues during the Walk-and Turn test, if we don't have two (2) clues during the One-Legged Stand test because the person may physically can't do it, then that's not an – in our training, that's not an indication that someone's intoxicated.

> . . . .

> Basically, I totaled up all my clues, and I determined that based on my training that Mr. Hodde was intoxicated and placed him under arrest.

The trooper testified that he did not repeat the field sobriety test once he and the defendant arrived at the police station. He further stated that after arriving at the station, the defendant refused to take a breathalyzer test to establish blood/alcohol content.

Viewed in a light most favorable to the prosecution, we find the evidence was sufficient to sustain the verdict beyond a reasonable doubt. The jury heard all of the testimony, viewed the video showing the defendant's performance during the field sobriety tests, and heard all of the arguments. The trier of fact makes credibility determinations and may accept or reject the testimony of any witness. *See State v. Tompkins*, 403 So.2d 644 (La.1981). Trooper Childers, a twenty-two year veteran with law enforcement, testified regarding his observations, explaining the testing procedure, and gave a basis for his conclusion that the defendant was intoxicated at the time he was involved in a two-car accident on the highway. Furthermore, the defendant refused to take the breathalyzer test. The fact of his refusal supported an inference that he sought to avoid detection of the alcohol in

7

his system. La.R.S. 32:666. *See also State v. Kestle*, 07-1573 (La. 12/2/08), 996 So.2d 277.

The jury obviously accepted the trooper's testimony as credible and discarded the defendant's arguments that other factors caused him to fail the field sobriety tests.

## CONCLUSION

The defendant's conviction is affirmed.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules−Courts of Appeal, Rule 2−16.3.