965 So.2d 1010 (2007)
STATE of Louisiana, Appellee
v.
Michael Ray EISKINA, Appellant.
No. 42,492-KA.
Court of Appeal of Louisiana, Second Circuit.
September 19, 2007.
*1012 James E. Beal, Louisiana Appellate Project, Jonesboro, for Appellant.
Paul J. Carmouche, District Attorney, John F. McWilliams, Jr., Lea R. Hall, Jr., Assistant District Attorneys, for Appellee.
Before BROWN, STEWART and LOLLEY, JJ.
LOLLEY, J.
This criminal appeal arises from the First Judicial District Court, Parish of Caddo, State of Louisiana, where the defendant, Michael Ray Eiskina, was found guilty by a unanimous jury for one count of DWI Third Offense, in violation of La. R.S. 14:98(A) and (D). Eiskina was sentenced to one year imprisonment at hard labor, of which 30 days was without benefits. For the following reasons, we affirm Eiskina's conviction and sentence.

FACTS
On November 25, 2005, Deputy Thomas Kerley was dispatched in response to a disturbance call from the Eiskina residence located at 7817 Singleton Road in Caddo Parish. Deputy Kerley testified he was familiar with the vehicle the defendant, Mike Eiskina, normally drove. While en route to the residence, Dep. Kerley spotted Eiskina in his vehicle traveling away from the location of the disturbance call and decided to follow him while another deputy went to the residence. Deputy Kerley observed that Eiskina was speeding and swerved off the road more than once. At this time, Dep. Kerley pulled Eiskina over. Deputy Kerley smelled a strong odor of alcohol on Eiskina's breath and it also appeared that he had urinated on himself. After administering several sobriety tests, Dep. Kerley placed Eiskina *1013 under arrest for driving while intoxicated ("DWI"), and advised him of his Miranda rights.
Prior to the jury, Eiskina, his attorney, and the assistant district attorney announced to the trial court that the parties had reached a stipulation with regard to Eiskina's prior DWI offenses. At the end of trial Eiskina was found guilty by a unanimous jury of one count of DWI Third Offense. A Motion for Post Verdict Judgment of Acquittal was filed timely and denied. Subsequently, after waiving delays for sentencing, Eiskina was sentenced to one year imprisonment at hard labor, 30 days of which was without benefit of probation, parole, or suspension of sentence. A Motion for Out of Time Appeal was filed and granted. This appeal ensued.

LAW AND DISCUSSION
Eiskina first argues his defense counsel should not have stipulated to the two predicate offenses that subjected Eiskina to the DWI Third Offense. Eiskina argues that one of his predicate offense, namely a 1996 DWI offense, was insufficient for enhancing his sentence because the only documentation presented by the state was the bill of information and court minutes. Therefore, Eiskina asks that the matter be remanded for re-sentencing as a first offender. In effect, Eiskina raises a claim of ineffective assistance of counsel.
Claims of ineffective assistance of counsel are more properly raised in an application for post-conviction relief in the trial court because it provides the opportunity for a full evidentiary hearing under La. C. Cr. P. art. 930. State v. Lane, 40,816 (La.App.2d Cir.04/12/06), 927 So.2d 659, 669, writ denied, XXXX-XXXX (La.12/15/06), 944 So.2d 1283. When the record is sufficient, however, allegations of ineffective assistance of trial counsel may be resolved on direct appeal in the interest of judicial economy. State v. Ratcliff, 416 So.2d 528 (La.1982); State v. Lane, supra. Therefore, in the interest of judicial economy, the portions of Eiskina's claims of ineffective assistance for which the record is sufficient will be addressed on appeal.
The right of a defendant in a criminal proceeding to the effective assistance of counsel is mandated by the Sixth Amendment to the U.S. Constitution. See State v. Wry, 591 So.2d 774, 778 (La.App. 2d Cir.1991). A claim of ineffectiveness of counsel is analyzed under the two-prong test developed by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To establish that his counsel was ineffective, Eiskina first must show that counsel's performance was deficient. This requires a showing that counsel made errors so serious that he was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. The relevant inquiry is whether counsel's representation fell below the standard of reasonableness and competency as required by prevailing professional standards demanded for attorneys in criminal cases. See Strickland, supra. The assessment of an attorney's performance requires his conduct to be evaluated from counsel's perspective at the time of the occurrence. A reviewing court must give great deference to trial counsel's judgment, tactical decisions, and trial strategy, strongly presuming he has exercised reasonable professional judgment. See State v. Moore, 575 So.2d 928, 931 (La.App. 2d Cir.1991).
Second, Eiskina must show that counsel's deficient performance prejudiced his defense. This element requires a showing the errors were so serious as to deprive the defendant of a fair trial, i.e., a trial whose result is reliable. See Strickland, supra. The defendant must prove *1014 actual prejudice before relief will be granted. It is not sufficient for the defendant to show the error had some conceivable effect on the outcome of the proceedings. Rather, he must show that but for counsel's unprofessional errors, there is a reasonable probability the outcome of the trial would have been different. See Strickland, supra; State v. Pratt, 26,862 (La.App.2d Cir.04/05/95), 653 So.2d 174, 178, writ denied, XXXX-XXXX (La.11/03/95), 662 So.2d 9. A defendant making a claim of ineffective assistance of counsel must identify certain acts or omissions by counsel which led to the claim; general statements and conclusory charges will not suffice. See Strickland, supra; State v. Jordan, 35,643 (La.App.2d Cir.04/03/02), 813 So.2d 1123, 1134, writ denied, XXXX-XXXX (La.05/30/03), 845 So.2d 1067.
Eiskina essentially argues that the state is required to present a perfect record when using a predicate offense to enhance a sentence. Accordingly, Eiskina argues that his trial counsel was ineffective for failing to challenge a predicate DWI offense. This court has previously rejected the argument that the state is required to present a "perfect record" before using a predicate offense in a multiple-offender DWI prosecution. See State v. Watson, 40,059 (La.App.2d Cir.09/21/05), 911 So.2d 396, 402-03; See also State v. Ouzts, 34,154 (La.App.2d Cir.02/07/01), 777 So.2d 1286, 1289, writ denied, XXXX-XXXX (La.12/14/01), 804 So.2d 630, citing State v. Ignot, 29,745 (La.App.2d Cir.09/24/97), 701 So.2d 1001, writ denied XXXX-XXXX (La.06/18/99), 745 So.2d 618 (the state is not required to present "perfect transcripts" of guilty pleas to prove defendant was advised of Boykin rights in prior guilty plea when it met its initial burden of proving that defendant was represented by counsel when he pleaded guilty and when defendant presented no affirmative evidence of a procedural irregularity or infringement of his rights.)
Accordingly, because the state is not required to present a "perfect record" to prove a prior conviction once it meets its initial burden of proof by showing that defendant was represented by counsel when he pleaded guilty, counsel cannot be ineffective for failing to challenge a predicate offense on the ground that the state failed to present a perfect record. Nor, was counsel ineffective for stipulating to the prior offenses for which Eiskina readily admitted during his testimony at trial. Here, according to the court minutes corresponding with the 1996 DWI offense that Eiskina challenges, Eiskina was represented by counsel when he pled guilty to his first DWI. Thus, Eiskina's counsel was not ineffective for failing to challenge this predicate offense simply on the ground that the state failed to present a perfect record because there was no error or prejudice in this decision. Without error on defense counsel's part, Eiskina cannot prove ineffective assistance of counsel using the Strickland test. This argument is without merit.
In his second assignment of error, Eiskina argues that the trial court erred in giving a written copy of the jury instructions to the jury during their deliberations. Again, the state argues that a contemporaneous objection was not made and therefore this argument is not properly before this court on appeal. After reviewing the record, we agree that no objection was made at any point nor was the issue brought to the attention of the trial court to remedy the issue at the time. However, because there is another ineffective assistance of counsel intimated in this argument we will evaluate this issue for the sake of judicial economy.
Louisiana C. Cr. P. Art. 801 states:
A. The court shall charge the jury after the presentation of all evidence and arguments. The court shall reduce its *1015 charge to writing if it is requested to do so by either a defendant or the state prior to the swearing of the first witness at the trial on the merits. The court's written charge shall be read to the jury. The court shall deliver a copy thereof to the defendant and to the state prior to reading it to the jury.
B. (1) After such written charge is read to the jury, a copy of the written charge shall be delivered to the jury if such delivery is consented to by both the defendant and the state in open court but not in the presence of the jury. (2) The lack of consent by either the defendant or the state to the delivery of the written charge to the jury shall not be communicated to the jury.
C. A party may not assign as error the giving or failure to give a jury charge or any portion thereof unless an objection thereto is made before the jury retires or within such time as the court may reasonably cure the alleged error. The nature of the objection and grounds therefor shall be stated at the time of objection. The court shall give the party an opportunity to make the objection out of the presence of the jury.
After a review of the record, we agree that the trial court did not follow the procedure outlined by La. C. Cr. P. art. 801 when allowing the jury a copy of the jury instructions; however, this error is harmless. Here, the jury instructions were read in their entirety in open court in the presence of Eiskina and his counsel prior to the jury retiring to deliberate with the written copy of the identical jury charge delivered to them. No objections were raised by the state nor defense counsel. In State v. Joseph, XXXX-XXXX (La.App. 5 Cir. 05/26/04), 875 So.2d 1011, the trial court was also found to have wrongly provided the jury instructions; however, that court held that it did not constitute a reversal and instead was considered harmless error. The Joseph court explained that upon certain conditions, "the apparent intent of the legislature in amending Articles 801 and 808 was to overrule long-standing jurisprudence that prohibited jurors from being given a copy of the written jury instructions." Id. at 1016. In the instant case, as in Joseph, we do not find that this error affected Eiskina's substantial rights. See La. C. Cr. P. art. 921. Because this error is harmless, it is clear that the introduction of the jury instructions to the jury did not prejudice Eiskina at trial ultimately failing the second prong of the Strickland test to establish inefficient assistance of counsel. See State v. King, 41,084 (La.App.2d Cir.06/30/06), 935 So.2d 815, writ denied, XXXX-XXXX (La.02/16/07) 949 So.2d 411.
Eiskina would not have been entitled to relief on any of the previous claims, even if they had been preserved for appellate review. In light of these meritless claims, we note that Eiskina is prohibited from bringing these arguments in an application for post-conviction relief. Although Eiskina received proper La. C. Cr. P. art. 930.8 advice at his sentencing, in an abundance of caution, by way of this opinion, we now re-advise Wilson that no application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of La. C. Cr. P. arts. 914 and 922.

CONCLUSION
For the foregoing reasons, the conviction and sentence for Michael Ray Eiskina is affirmed.
AFFIRMED.