WILLIAMS, J.
The defendant, Lloyd Carr, was charged by bill of information with possession of a schedule II controlled dangerous substance, cocaine, a violation of La. R.S. 40:967. Following a jury trial, the defendant was found guilty as charged. The trial court adjudicated defendant a fourth felony offender and imposed a sentence of 20 years at hard labor to be served without the benefit of probation, parole or suspension of sentence. For the following reasons, the defendant's conviction and habitual offender adjudication are affirmed; the sentence is amended and affirmed as amended.
FACTS
The record shows that on February 24, 2017, Corporal Jessica Benevage of the Caddo Parish Sheriff's Office was on patrol when she noticed a car traveling in the middle of the roadway on Dr. Martin Luther King Drive in Shreveport, Louisiana. Corporal Benevage activated her overhead lights to initiate a stop of the vehicle for improper lane usage. After making two turns, the car stopped on Gordonia Drive. Corporal Benevage approached the passenger side of the car and the defendant, who was the driver of the vehicle, admitted to driving in the center of the road, but stated that he did so to avoid potholes. Corporal Benevage asked the defendant to step out of the car and stand near the rear of the vehicle while she spoke with the passenger.
While waiting, defendant kept putting his hands into his pants pockets, even after Corporal Benevage asked him to keep his hands out of his pockets. When Corporal Benevage approached the defendant and asked for his driver's license, he admitted that his license was suspended. Corporal Benevage asked the defendant if he had anything illegal on his person, which he denied. Corporal Benevage then told the defendant that she was going to do a "pat search." However, after patting the defendant's jacket pocket, Corporal Benevage reached inside that pocket and then asked the defendant for consent to search his pockets. The defendant consented. Corporal Benevage then searched the defendant's pants pockets and discovered a small amount of crack cocaine. Defendant admitted the cocaine belonged to him after being advised of his rights under Miranda v. Arizona , 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
Defendant was charged with possession of cocaine. A jury found defendant guilty as charged. The trial court adjudicated defendant a fourth-felony offender and sentenced him to serve 20 years at hard labor without the benefit of parole, probation or suspension of sentence. Defendant's *474 motion to reconsider sentence was denied and this appeal followed.
DISCUSSION
The defendant argues that this Court should suppress the crack cocaine found in his pants pocket, as well as his incriminating statements and the crack pipe located in the vehicle, because the officer did not obtain his consent to search his pockets until after she had already commenced the search by putting her hand into his jacket pocket. The defendant asserts that the search of his pockets was therefore illegal and that any "fruits" of that unlawful search must be suppressed.
Pretrial motions generally must be made or filed within 15 days of arraignment. Upon written motion at any time and a showing of good cause, the court shall allow additional time to file pretrial motions. La. C.Cr.P. art. 521. A motion to suppress evidence must be filed in accordance with Article 521 unless opportunity therefor did not exist or neither defendant nor his counsel was aware of the existence of the evidence or the ground of the motion. La. C.Cr.P. art. 703(C).
When objects are sought to be excluded from evidence on the basis of an unconstitutional search or seizure, defendant must timely file a motion to suppress such evidence. Otherwise, he is deemed to have waived any objection to its admission based on an infirmity in the search and seizure. State v. Smith , 95-1826 (La. App. 1 Cir. 9/27/96), 681 So.2d 980.
In this case, on the first day of defendant's trial, the prosecutor noted that she had just received a motion to suppress which was prepared by the defendant, pro se. The trial court noted that it would not consider pro se motions unless they were adopted by counsel. The motion to suppress had not been filed with the clerk of court and is not contained in the record. Defense counsel reviewed defendant's pro se motion to suppress, as well as another pro se motion, and stated that he could not adopt the motions.
During trial, a video recording of the traffic stop was admitted into evidence. The recording was played in open court and showed the officer ask defendant if he had anything illegal on him, which he denied. Corporal Benevage then told the defendant that she was going to "pat search" him. The defendant raised his arms over his head. Corporal Benevage used her hands to feel the outside of the defendant's jacket pocket and then put her hand inside. After removing her hand, she asked the defendant if she could "look in your pockets?" The defendant replied, "yeah, yeah." Corporal Benevage patted down one side of the defendant's pants and he said, "that's my phone charger." Corporal Benevage testified that she removed from defendant's pocket a small plastic bag containing "white, rock-like residue" that was later confirmed to be cocaine by the crime lab.
The record shows that defendant's motion to suppress was not timely filed under Article 521. Although defendant presented his pro se motion to suppress on the day of trial and asked for more time, he made no showing of any reason why the motion could not have been filed sooner. The trial court denied allowing more time, noting that defendant had already been given ample opportunity to file the motion. Defendant did not object to the court's denial of additional time or to the admission of the evidence during trial.
The record also indicates that in pretrial discovery the defendant was provided with a copy of the crime lab report identifying the substance seized from him as cocaine. Based upon these circumstances, the record supports a finding that defendant did *475 not show good cause for his failure to timely file the motion to suppress. Thus, this assignment of error lacks merit.
Assistance of Counsel
The defendant contends his trial counsel was ineffective in failing to file a motion to suppress evidence and failing to adopt his pro se motion to suppress. Defendant argues that his attorney's error prejudiced his defense because the failure to file the motion to suppress affected the outcome of his trial.
The right of a defendant in a criminal proceeding to the effective assistance of counsel is mandated by U.S. Constitutional Amendment VI. State v. Wry , 591 So.2d 774 (La. App. 2 Cir. 1991). A claim of ineffectiveness of counsel is analyzed under the two-prong test developed in Strickland v. Washington , 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
First, to establish that his attorney was ineffective, the defendant must show that counsel's performance was deficient. This requires a showing that counsel made errors so serious that he was not functioning as the counsel guaranteed the defendant by the Sixth Amendment. Second, defendant must show that counsel's deficient performance prejudiced his defense and that, but for counsel's unprofessional errors, there is a reasonable probability the trial's outcome would have been different. Strickland, supra ; State v. Reese , 49,849 (La. App. 2 Cir. 5/20/15), 166 So.3d 1175, writ denied , 2015-1236 (La. 6/03/16), 192 So.3d 760.
In general, a claim of ineffective assistance of counsel is more properly raised in an application for post-conviction relief in the trial court because there is the opportunity for a full evidentiary hearing under La. C.Cr.P. art. 930. State v. Moore , 48,769 (La. App. 2 Cir. 2/26/14), 134 So.3d 1265, writ denied , 2014-0559 (La. 10/24/14), 151 So.3d 598 ; State v. Eiskina , 42,492 (La. App. 2 Cir. 9/19/07), 965 So.2d 1010. However, when the record is sufficient, allegations of ineffective assistance of trial counsel may be resolved on direct appeal in the interest of judicial economy. Eiskina, supra .
Based upon this record, we cannot adequately assess the acts of defendant's trial attorney in not filing a motion to suppress the evidence and in declining to adopt defendant's untimely motion. We note that although defense counsel did not file a motion to suppress the evidence seized in the search during the traffic stop, counsel argued to the jury that defendant's consent at the time was not valid under the circumstances. Defendant's claim of ineffectiveness would more properly be raised in his application for post-conviction relief in the trial court because there is the opportunity for a full evidentiary hearing. Thus, we decline to address the ineffective assistance of counsel claim at this time.
Sentencing
The defendant contends the trial court erred in imposing an excessive sentence. Defendant argues that his sentence is excessive because of his age and the amount of cocaine involved.
The reviewing court applies a two-pronged test in determining whether a sentence is excessive. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial court is not required to list every aggravating or mitigating circumstance so long as the record reflects that it adequately considered the guidelines of the article. State v. Smith , 433 So.2d 688 (La. 1983) ; State v. Watson , 46,572 (La. App. 2 Cir. 9/21/11), 73 So.3d 471. The articulation of the factual basis for a sentence is the goal of La. C.Cr.P. art. 894.1, not rigid or mechanical compliance *476 with its provisions. State v. Lanclos , 419 So.2d 475 (La. 1982).
Second, the reviewing court must determine the issue of constitutional excessiveness. A sentence violates La. Const. art. I, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Smith , 2001-2574 (La. 1/14/03), 839 So.2d 1. A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver , 2001-0467 (La. 1/15/02), 805 So.2d 166. The trial court is given wide discretion in the imposition of sentences within the statutory limits, and the sentence imposed should not be set aside as excessive in the absence of a manifest abuse of this discretion. State v. Williams , 2003-3514 (La. 12/13/04), 893 So.2d 7 ; State v. Diaz , 46,750 (La. App. 2 Cir. 12/14/11), 81 So.3d 228. On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. State v. Williams, supra .
The habitual offender law has been found constitutional in its entirety, and the minimum sentences it imposes upon recidivists are also presumed to be constitutional. State v. Johnson , 97-1906 (La. 3/4/98), 709 So.2d 672. The burden is on the defendant to rebut the presumption that a mandatory minimum sentence is constitutional. To do so, the defendant must clearly and convincingly show that he is exceptional, in other words, that because of unusual circumstances the defendant is a victim of the legislature's failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case. Johnson, supra ; State v. Henry , 42,416 (La. App. 2 Cir. 9/19/07), 966 So.2d 692. Critically, the district court may not rely solely on the nonviolent nature of the instant or past crimes as evidence to justify rebutting the presumption of constitutionality. The lack of violence cannot be the only reason, or even the major reason, for declaring such a sentence excessive. Johnson, supra ; Henry, supra .
If the fourth felony is such that upon a first conviction the offender would be punishable by imprisonment for less than his natural life, then the person shall be sentenced for the fourth felony for a determinate term not less than 20 years and not more than his natural life. La. R.S. 15:529.1.
In the present case, the trial court noted its review of the sentencing factors set forth in La. C.Cr.P. art. 894.1, as well as the defendant's pre-sentence investigation (PSI) report which detailed the defendant's lengthy criminal history, including numerous crimes against the person. Based on that information, as well as the defendant's age (he was 56 years old at the time of sentencing), the trial court determined that the mandatory minimum sentence of 20 years at hard labor was appropriate. The trial court ordered the sentence to be served without the benefit of parole or suspension of sentence. The trial court recommended that the defendant receive the benefit of any available substance abuse treatment during his incarceration.
The record demonstrates the trial court's consideration of the sentencing factors provided in Article 894.1. The trial court noted its review of the relevant sentencing factors and its consideration of the defendant's PSI. In particular, the trial court found the defendant's lengthy criminal history, which included five felony convictions (one of which, aggravated assault *477 with a firearm, is a crime of violence) and more than 40 misdemeanor convictions, to be "concerning." There is no showing the trial court abused its discretion in imposing the mandatory minimum sentence under the statute of 20 years' imprisonment. Given his extensive criminal history, the defendant has not shown that he is a victim of the legislature's failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case. Thus, this assignment of error lacks merit.
Defendant's Supplemental pro se Brief
The defendant filed an untimely supplemental pro se brief. Defendant complains that the bill of information charging him with the present offense is defective because the amount of cocaine is not alleged. We note that defendant did not complain about this alleged error before his conviction and failed to preserve the issue for appeal under La. C.Cr.P. art. 841. Notwithstanding this fact, defendant fails to demonstrate how the omission misled him to his prejudice as required by La. C.Cr.P. art. 464.
The defendant alleges defects in the bill of information charging him with aggravated assault with a firearm and possession of a firearm by a convicted felon in docket number 324137. We cannot ascertain from defendant's brief any specific reasons that the bill is defective. In any event, he failed to object regarding any defects either before or during his habitual offender proceedings. Defendant also alleges that the bill of information in docket number 242257 is defective because he was allowed to plead guilty to attempted possession of a firearm by a felon, but the bill was not amended to reflect the responsive plea. However, the district attorney was not required to amend the bill of information to conform to the plea agreement under La. C.Cr.P. art. 487(B) ; State v. Jackson , 2004-2863 (La. 11/29/05), 916 So.2d 1015.
Defendant argues his sentence is excessive because the provisions of La. R.S. 15:529.1 as amended in 2017 should have been applied in his case. However, La. 15:529.1(K), effective August 1, 2018, provides that the courts shall apply the provisions of the law that were in effect on the date the present offense was committed. In any event, defendant faced a minimum 20-year sentence under the pre- and post-amendment versions of La. R.S. 15:529.1. Based upon this record, the defendant's arguments lack merit.
Error Patent
In sentencing the defendant, the trial court ordered his 20-year sentence to be served "without the benefit of suspension of sentence or parole." Neither La. R.S. 15:529.1 nor La. R.S. 40:967 contains any restrictions on parole eligibility. Therefore, the inclusion of the restriction on parole renders defendant's sentence illegal. Pursuant to La. C.Cr.P. art. 882(A), this Court has the authority to correct an illegal sentence. Accordingly, the defendant's sentence shall be amended to delete the restriction on parole.
CONCLUSION
For the foregoing reasons, the defendant's conviction and habitual offender adjudication are affirmed. The sentence imposed is hereby amended to reflect that the defendant shall serve 20 years at hard labor without the benefit of probation or suspension of sentence and the sentence is affirmed as amended.
CONVICTION AND HABITUAL OFFENDER ADJUDICATION AFFIRMED;
*478 SENTENCE AFFIRMED AS AMENDED.